# Williams *v.* Cox.

*Action on Promissory Note.*

1. *Action at law by mortgagee.*—The mere fact that a creditor holds a mortgage, or other like security for his debt, does not interfere in any manner with his rights to sue at law, and reduce his claim to judgment.

2. *Same; transfer of interest in mortgaged property.*—When the plaintiff holds an undisputed debt against the defendants, who have executed to a third party a deed of trust for the benefit of all their creditors, the fact that the plaintiff has sold to another "all his right, title and interest in the assigned property" and given a credit on the note for the amount thus received, and by the transfer expressly reserved his claim for the balance due, and that the property conveyed by the deed of trust was more than sufficient to pay all the debts of defendants, can not defeat his right of recovery at law.

3. *Same.*—At law, these facts operate only as a release of the security, which would enure to the benefit of the other creditors, or, when they were fully satisfied, to the ultimate benefit of the grantors in the deed of trust.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This was an action brought by the intestate of appellee, and is founded on a note given by the defendants, S. A. & D. Williams, as partners. The defendants filed a plea, setting up, in substance, that since the execution of the note, they had made a general assignment to one R. J. Higgins, who had accepted the trust, and was in possession of all their property, and was administering on the estate under the direction of the Chancery Court, and that it was uncertain what percentage of their debts would be paid out of the property assigned; that before the bringing of this suit, the plaintiff had sold and conveyed all right, title and interest he had or claimed in said assigned property, by virtue of being one of the creditors of S. A. & D. Williams, to one C. J. Knox, for a valuable consideration, which had been paid him. A demurrer was interposed to this plea, which the court sustained; and a trial was had on the general issue.

The execution of the note sued on having been proved, the defendants introduced in evidence a writing signed by Cox, in which, for a consideration of $646,29, he sold, conveyed and

assigned to one Knox all his right, title and interest in and to the lands, tenements, goods, chattels, and *choses* in action, lately assigned by S. A. & D. Williams for the benefit of their creditors. This instrument contained the following reservation : "But the claim for the balance due me from the firm is not conveyed, but belongs to me, it being understood that I only sell my interest in the assigned property." It was also shown, that the property assigned by S. A. & D. Williams amounted to more than their indebtedness, including the note to plaintiff. This was, in substance, all the evidence ; and the court charged the jury that, if they believed the evidence, they must find for the plaintiff, and refused a similar charge in favor of the defendants.

The charge given, and the refusal of the charge asked, are now assigned as error.

M. N. CARLISLE, for appellant.—An assignment for the benefit of creditors has all incidents of a mortgage. The transfer of a mortgage lien also transfers the debt for which it is given. When Cox transferred his interest in the assigned property, he also transferred the debt, and neither he nor his administratrix can maintain this suit. At least, Knox ought to be a party plaintiff also. By the transfer of his interest, Cox assented to accept the benefits of the assignment.—Burrill on Assignments, pp. 426–27. The doctrine, that if a party has several remedies, he may pursue them all, does not apply in this case ; and it can not be insisted that, if the defendants are forced to pay this debt, they would be subrogated to all the rights of Cox to the assigned property, for the reason that Cox had parted with his right to the assigned property.

N. W. GRIFFIN, *contra.* (No brief on file.)

SOMERVILLE, J.—The mere fact that a creditor holds a mortgage, or other like security for his debt, does not interfere in any manner with his right to sue at law, so as to reduce his claim to judgment.—*Micou v. Ashurst*, 55 Ala. 607 ; *Duval v. McLoskey*, 1 Ala. 708.

The debt due plaintiff by the defendants in this cause being undisputed, he was clearly entitled to a recovery, unless the written transfer made by plaintiff's intestate to Knox operated in some way to bar such right. This debt or claim was secured by a deed of trust executed by the defendants to a trustee, for the benefit of their creditors. The plaintiff, it will be thus observed, was not the holder of the legal title to the assigned property, such title being vested in the trustee, but only of an equitable lien on it, or the right to have the

[Williams·v. Cox.]

secured debt satisfied out of it.   The transfer made to Knox
purports to convey to him the "right, title and interest" of the
plaintiff in the assigned property, in consideration of the sum
of six hundred and forty-six 29-100 dollars, the whole of
which was entered as a credit upon his claim pursuant to agree-
ment.   The remainder, or balance of the claim, he especially
reserves to himself, by excepting it from the operation of the
transfer.   This instrument, therefore, did not transfer any part
of the debt, at least in a court of law, and it is with this phase
of the case alone we are dealing.   It has been held, it is true,
that a mortgagee, when invested by proper conveyance with
the legal title of property, whether real or personal, may con-
vey or assign such title to another, without assigning the debt
itself.— *Welsh v. Phillips*, 54 Ala. 309; *Russell v. Walker*,
73 Ala. 315.   So, the assignment or transfer of the debt,
which is secured, operates in equity, though not in law, as an
assignment of the mortgage.—*Prout v. Hoge*, 57 Ala. 28;
*Duval v. McLoskey*, 1 Ala. 708; 1 Brick. Dig. 126, § 48.
But it is manifest that the mere transfer of an equitable lien,
which is nothing more than the right to have a debt satisfied
out of specified property of the debtor or another, can amount
to nothing in a court of law, when the debt, which is the prin-
cipal thing, is not assigned.—Herman on Chat. Mort. § 179.
In such a case, a court of law, regarding, as it does, only legal
and not equitable titles, would consider the transaction as pass-
ing no interest which it could recognize, in a suit the object of
which is only to reduce the debt to judgment.   It would seem
to operate, at law, only as a release of the security, which would
enure to the benefit of the other creditors, or, when they were
fully satisfied, to the ultimate benefit of the mortgagors.

Under the facts disclosed in the record, the plaintiff, in our
opinion, was entitled to recover, and the rulings of the court so
holding are free from error. ·

Affirmed.

STONE, C. J.—The majority of the court concur in the
opinion of brother SOMERVILLE, that in the absence of a final
settlement of the trust created by the Williams assignment,
the defense attempted in this case can not be made in a court
of law.   Cox, as we understand the record, was one of the
beneficiaries under the assignment, and entitled, as such, to the
dividend, or *pro-rata*, which his claim would receive in dis-
tribution.   He sold and transferred that interest, being his
share of the security, to Knox, for an agreed price—something
over six hundred and forty-six dollars.   This transfer author-
ized the assignee to pay, and Knox to receive the proportion, or
dividend of the assigned property, which would fall to the Cox

claim, whether it was much or little. Cox, by selling and transferring his interest, ratified the assignment, and barred himself from assailing its validity. To the extent of the value of his, Cox's interest in the assigned property, he has deprived Williams of it, by empowering Knox to receive and enjoy it. If Knox realized a profit on the purchase, it was his profit, and did not benefit Williams. On this hypothesis, it would seem unjust that Williams should be required to reimburse to Cox what he may have lost in the sale to Knox.—*Pattison v. Hull*, 9 Cow. 747; *Field v. Mayor*, 6 N. Y. 179.

What we have said is based on the postulate, that Knox purchased for himself, and demanded and received the purchased share of the assigned effects, amounting to more than the sum paid by him, and interest upon it. If the effects of Williams, whether through the assignment, or otherwise, have only been used to the extent of repaying to Knox the sum expended by him in the purchase from Cox, with interest, if any had accrued, then Williams has no cause of complaint at being required to pay his note to Cox, less the sum paid by Knox.