J. R. RUTHERFORD *v.* C. L. JAMIESON.

1. HOMESTEAD. *Selection by presumption.*

  Where the head of a family, being entitled to select either of two parcels of land as his homestead, conveys one of the tracts, he is held to have selected other land than that conveyed, for his homestead.

APPEAL from the Circuit Court of Tippah County.

HON. W. S. FEATHERSTON, Judge.

In December, 1879, J. R. Rutherford moved his family from his farm to the village of " Blue Mountain " for the purpose of educating his daughter. He there contracted for the purchase of a house to be paid for in five annual payments, and in default of payment of the notes which he gave therefor he was to be charged with rents. His wife and daughters moved into the house and remained there several years. The house was not paid for.

In 1880, Rutherford was the owner of two adjoining tracts of land in Tippah County, one in section 13, the other in Section 14, of 160 acres respectively. It seems that he and his boys remained on the farm during that year, living in houses located on the tract in Section 14, and cultivating a few small patches thereon, but carrying on the bulk of their farming operations on the adjoining tract in Section 13.

On Jan. 21, 1880, Rutherford, who was a member of the Board of Supervisors, applied to the County Treasurer of Tippah County to borrow $731.00 from the Chickasaw school fund. The money was lent him, and he executed a deed of trust on his land in Section 13, as security therefor. His wife did not join in this conveyance. In the autumn of 1880, Rutherford sold his tract in Section 14 on which he had been living and he and his boys moved on the tract in Section 13. Afterwards his wife and daughters returned and also lived on this tract. In 1886, this land in section 13 was sold under the trust deed, and the purchaser, C. L. Jamieson, brought this action of ejectment to obtain possession. The jury found for the plaintiff. The defendant appealed.

*Thomas Spight*, for the appellant.

The policy of exemption laws, as construed by this court in numerous cases, is a liberal one, and it is declared to be for the benefit, not so much of the husband and father, as for the wife and children, notwithstanding the follies, vices and crimes of the head of the family.

Appellant was using and cultivating the land in controvesy as a means of support for his family, and never abandoned it as a home, and although it should be made clear that when the deed of trust was executed, appellant had never taken up his actual physical residence upon the premises; yet if it should further appear that he had parted with the title to his *old* home on a $\frac{1}{4}$ of land adjoining his *new* home, and had adopted the land in controversy as a home, and was doing acts indicating an intention to enter very soon upon actual occupancy, and did so in a reasonable time, then the law would treat it as his homestead, and clothe it with the legal rights, privileges and immunities of an exempt homestead.

*Edwards* v. *Fry*, 9 Kan., 425; *Monroe* v. *May*, 9 Kan., 475; *Brown* v. *Martin*, 4 Bush (Ky.), 47; *Williams* v. *Swetland*, 10 Iowa, 51; *Neal* v. *Coe*, 35 Iowa, 407; *Scott* v. *Dyer*, 60 Texas, 135; *Reske* v. *Reske*, 51 Mich., 541, 47 Am. Reports, 594.

*Thurmond & Harris*, for the appellee.

The land must be actually occupied as a homestead, not

merely intended to be in the future as such.   Thompson's Homestead and Exemption, page 179, section 241.

The court say in the case of *Majors* v. *Majors*, 58 Miss., 809: It is not to be tolerated that he, who executed a deed of trust, without the joinder of his wife, on land not at the time occupied by him as a residence, should, because of a purpose entertained at some future day to resume the occupancy of the land thus conveyed, or put it in the power of his wife and children after his death, for that reason be permitted to annul the deed of trust, because of the non-joinder of his wife in its execution, and obtain a homestead in it.

The land had never become impressed with the elements of a homestead, nor could it have become so only by actual residence and occupation as a home for the family.   *Campbell* v. *Adair*, 45 Miss., 170.   Authorities cited: *King* v. *Sturges*, 56 Miss., 606; *Thompson, Homestead and Ex.*, sections 101, 104.

Appellant having never lived upon the land in controversy till long after the trust deed was given in January, 1880, the general current of decisions is against him.

*J. C. Harris*, of counsel for the appellee, argued the case orally.


CAMPBELL, J., delivered the opinion of the Court.

The result reached in the trial of this case is clearly right, morally and legally, and will not be disturbed.

Mr. Rutherford sustained such relation to several parcels of land as to be entitled, at the time of this transaction, to select which was his homestead; and in executing the deed of trust conveying some of these parcels he must be held to have made his selection of other land than that conveyed for his homestead, and will not be permitted now to say that his homestead consisted of the land conveyed.   Homestead rights are to be protected according to law, but are not to be perverted into instruments of fraud.

*Affirmed.*