# Keith *et al. v.* McCord.

*Bill in Equity against Sureties on Bond of Deceased Administrator for Settlement.*

1. *Bill by distributee against sureties of deceased administrator for settlement; proper parties to bill.*—When the distributee of a decedent's estate files a bill in equity against the sureties on the bond of the deceased administrator, to compel a settlement of his administration, and it appears that there are no outstanding debts against the estate, it is not necessary that the decedent's estate be represented by the administrator, and there exists no necessity for the appointment of an administrator *de bonis non.*

[Keith *et al.* v. McCord.]

2.  *Same; same.*—In such a suit,, where one of the distributees has been paid her distributive share of the decedent's estate in full, it is unnecessary that her husband and children should be made parties defendant, or that upon the death of such distributee her estate should be represented by the administrator.

3.  *Same; same.*—In such a case, it is not necessary that the estate of the deceased administrator should be represented by an administrator; the bill being filed against his sureties.

4.  *Same; same.*—In such a case, where the deceased administrator was one of the distributees of the decedent's estate, the administrator's estate should be represented in the litigation by his administrator, but where no administration has been taken out upon his estate, the bill is not subject to demurrer for failure to make his administrator a party defendant; since the court may appoint an administrator *ad litem* in pursuance of the statute, (Code, §§ 352, 353.)

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellee against the appellants. The purpose of the bill and the averments thereof are sufficiently shown in the opinion. The respondents demurred to the bill for the non-joinder of proper parties defendant, and for the misjoinder of the widow and children of W. J. Robinson, deceased, as parties defendant. The grounds of the demurrer insisted upon in the present appeal are sufficiently shown in the opinion.

On the submission of the cause upon the demurrers, the chancellor rendered a decree overruling them. From this decree the present appeal is prosecuted, and the rendition thereof is assigned as error.

JOHN B. TALLY, JOHN F. PROCTOR, and VIRGIL BOULDIN, for appellants.—The essential purpose of the bill is a final settlement of the administration of W. J. Robinson, deceased, of the estate of William H. Robinson, deceased, ascertaining the amount of assets, if any, undistributed, and decreeing to the several distributees their several interests, against the sureties upon the administration bond. In all such settlements, whether in the probate or chancery court, the distributees are necessary

parties.—*Wright v. Lang,* 66 Ala. 389; *Waller v. Ray,* 48 Ala. 468; *High v. Worley,* 32 Ala. 708; *Frowner v. Johnson,* 20 Ala. 477; *Plunkett v. Kelly,* 22 Ala. 655; *Gardner v. Gannt,* 19 Ala. 666; *Hall v. Andrews,* 17 Ala. 40; *Wood v. Legg,* 91 Ala. 511; *Stallworth v. Farnham,* 64 Ala. 259; *Street v. Henry,* 124 Ala. 153.

Where a distributee has died subsequent to the death of the intestate, the administrator or executor of the distributee is a necessary party, unless it is affirmatively shown that there is no necessity for administration, and the parties having the beneficial interest in his distributive share are parties.- -*Wright v. Lang,* 66 Ala. 389; *Plunkett v. Kelly,* 22 Ala. 655; *Frowner v. Johnson,* 20 Ala. 477; *Alexander v. Alexander,* 70 Ala. 212; *Glover v. Hill,* 85 Ala. 41; *Fretwell v. McLemore,* 52 Ala. 124; *Baines v. Barnes,* 64 Ala. 375.

The personal representative of the deceased administrator is a necessary party.—*Wood v. Legg,* 91 Ala. 511; *Street v. Henry,* 124 Ala. 153.

W. H. NORWOOD, *contra.*—The suit being against the sureties alone, of a deceased administrator, it was not only proper, but necessary to remove the administration from the probate to the chancery court, because the probate court is without jurisdiction to render a decree against the sureties of a deceased administrator.—*Martin v. Ellerbe,* 70 Ala. 326; *Stallworth v. Farnham,* 64 Ala. 259; *Bromberg v. Bates,* 98 Ala. 612; *Baker v. Mitchell,* 109 Ala. 490.

The bill alleges that since the death of the administrator, W. J. Robinson, no administrator *de bonis non* on the estate of his intestate, Wm. H. Robinson, has ever been appointed; that all debts and liabilities against the estate of said Wm. H. Robinson have been fully paid and satisfied many years ago, and that there is no suit or action pending either in favor of or against said estate to prevent a final settlement and distribution thereof. This being admitted by the demurrer to the bill, there is no necessity for the appointment of administrator *de bonis non* on the estate of Wm. H. Robinson, whose estate is sought to be finally settled and distributed by the

present suit.—*Alexander v. Alexander*, 70 ·Ala. 212; *Fretwell v. McLemore*, 52 Ala. 124; *Wright v. Lang*, 66 Ala. 389; *Baines v. Barnes*, 64 Ala. 375.

It was not necessary that the estate of the deceased administrator should be represented by an administrator. The sureties of the deceased administrator are alone sued, and if they should be damnified in the result of the suit they must look to the estate of their principal in the bond for reimbursement. Such is the effect of said statute.—*Fulgham v. Bernstein*, 77 Ala. 496; *Teague v. Corbitt*, 57 Ala. 529; *Hailey v. Boyd*, 64 Ala. 399.

TYSON, J.—The bill in this cause is filed by John H. McCord, as administrator *de bonis non* of the estate of Mary J. Kyle, deceased, who was an heir at law of one Wm. H. Robinson, deceased, against the sureties on the administration bond of W. J. Robinson, deceased.

It is shown by the bill that Wm. H. Robinson died intestate in 1884, leaving as his heirs at law and distrubtees, Mary J. Kyle, a sister, and Mary J. Stone and W. J. Robinson, children of a deceased brother. Mary J. Kyle died intestate in 1884, and complainant is the administrator *de bonis non* of her estate.

Mary J. Stone died intestate in 1899, leaving a surviving husband and children. It is not shown whether there is an administrator of her estate.

W. J. Robinson died intestate in 1902, without making a final settlement as administrator of the estate of Wm. H. Robinson, deceased. No administrator of his estate has ever been appointed. It is further shown that W. J. Robinson as administrator *de bonis. non* received assets of the estate of Wm. H. Robinson which he never accounted for. The purpose of the bill is to have a final settlement of his administration and to distribute these assets among the distributees.

The equity of the bill and the jurisdiction of the court invoked by it is not questioned. Nor is the right of the complainant as the personal representative of Mrs. Kyle, one of the distributees, to maintain the bill questioned. But if any of these matters were questioned it would be of no avail.—*High's Admr. v. Worley's Admx.*

32 Ala. 709; *Martin v. Ellerbe's Admr.,* 70 Ala. 326; *Woods v. Legg,* 91 Ala. 511; *Bromberg v. Bates,* 98 Ala. 621.

The first point presented is that the estate of Wm. H. Robinson which is sought to be settled and distributed should be represented by an administrator. This necessity is relieved by the averment in the bill that the administrator in chief "paid off and satisfied all the debts and liabilities of the estate of his said intestate." *Baines v. Barnes,* 64 Ala. 375, 381; *Fretwell v. McLemore,* 52 Ala. 124; *Alexander v. Alexander,* 70 Ala. 212; *Glover v. Hill,* 85 Ala. 41.

Mrs. Stone having been paid her distributive share of the estate in full, it is unnecessary that her husband and children should be made parties, or that her estate be represented by an administrator. Neither they nor her estate have any interest in the assets sought to be distributed. "It is only persons who have a right or interest, legal or equitable, in the subject matter of the controversy, which may be affected by the decree, who can be made parties to a suit in equity. Persons as to whom no decree can be rendered on a hearing, ought not to be made parties."—*Jones v. Caldwell,* 116 Ala. 367; *Huckabee v. Swoope,* 20 Ala. 491.

It is also insisted that the estate of W. J. Robinson should be represented by an administrator. If he were living and stood in no other relation to the estate of Wm. H. Robinson than as administrator *de bonis non* he would not be a necessary party to this suit. Such a bill may well be maintained against his surety without his being made a party. This being true, of course, an administrator of his estate, if one had ever been appointed, is not a necessary party. Section 670 of the Code of 1896 provides: "When the plaintiff has a just demand, he may proceed against one or more of the parties thereto without joining the others." In *Teague v. Corbitt,* 57 Ala. 529, this statute was held to be applicable to suits in equity and was applied in that case which was similar in character to this one. In *Fulgham v. Bernstein,* 77 Ala. 496, under this statute, an infant was permitted to maintain a bill for a settlement of her guardian's ac-

counts against the executrix of the last will and testament of a surety upon her guardian's bond without joining the personal representative of her guardian.

It is further insisted that his estate should be represented on account of his having been an heir at law of Wm. H. Robinson and, therefore, entitled to a distributive share in the assets here sought to be administered. This is entirely correct. But in view of the fact that no administrator of his estate has ever been appointed, an administrator *ad litem* may be appointed by the court in pursuance of the statute to represent his estate in this proceeding, and a decree may be rendered in favor of such administrator for his distributive share.—§§ 352 and 353 of the Code, and cases cited under § 352.

The decree overruling the demurrers must be affirmed.

Affirmed.