[Williams v. Kilpatrick.]

# Williams *v.* Kilpatrick.

## Specific Performance.

(Decided January 20, 1916.   70 South. 742.)

1. **Homestead; Selection; Sale; Part.**—Where the owner of land sells a part thereof, the original tract being greater in value than $2,000.00, or in area than 160 acres, but leaves including the dwelling and land contiguous thereto, the maximum value or area allowed by law for the homestead, he selects a homestead to the exclusion of the alienated tract, and the provisions of § 4161, Code 1907, are without application to the sale.

2. **Specific Performance; Encumbrance; Willingness to Accept.**—Where a buyer of land was willing to accept a deed thereto not joined in by the wife of the seller, the failure or refusal of the wife to execute the deed was no obstacle to its specific performance, the land being thus encumbered with her inchoate dower right.

3. **Same; Pleading; Proof; Variance.**—Where the bill sought specific performance of a contract to convey land, and the bill alleged that the price agreed on and paid was $50, but it appeared from the evidence that the real consideration was the difference between the value of horses exchanged between the buyer and the seller, there was no variance, although the difference in value was in fact but $35.00; the material issue in a specific performance action being whether the consideration is fair and reasonable, and it is of no consequence whether such consideration be expressed in terms of cash or its equivalent in property, and proof of a different consideration, not changing the rights of the parties or destroying the right of redress, is not a variance.

4. **Same; Agreement.**—Where the owners of horses exchanged them, one agreeing to convey an acre of land to the other as the difference between the value of the horses, and which difference was at least as much as the acre of land was worth, the party to whom the conveyance was agreed to be made was entitled to specific performance.

5. **Same; Failure of Consideration; Novation; Burden.**—In a suit for specific performance of a contract to convey land, the burden is on respondent to establish defenses of partial failure of consideration and novation, whereby complainant agrees to pay an additional price which he had failed to do.

6. **Same; Relief Warranted; Enforcement of Lien.**—Where complainant did not make out his right to a specific performance of an agreement to convey land, the court may retain the bill to do equity by compelling respondent to restore the value paid him; the complainant having an equal equity to recover the consideration paid, or to have compensation for improvement.

7. **Same.**—Where complainant was entitled to the relief prayed the respondent could not complain of the decree declaring a vendor's lien on the land in favor of complainant for the collection of the consideration paid, granted as an alternative to the specific performance under the general prayer of the bill and power of the court since respondent created a condition which would have supported the decree under a special prayer for the relief.

[Williams v. Kilpatrick.]

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Bill for specific performance by W. C. Kilpatrick against John N. Williams. From a decree denying the relief prayed, but declaring a vendor's lien in complainant's favor, respondent appeals. Affirmed.

The bill shows, in substance, as follows: Complainant purchased from respondent some time in March, 1911, a certain acre of land then owned by him, for which he paid the agreed price of $50, and of which he was put in possession with the contemporaneous agreement that the respondent would make him a good and sufficient title the following fall. In September, 1911, complainant prepared and tendered a suitable deed for execution by respondent, which was refused by respondent, with the demand that complainant pay him an additional sum of $35 to execute the deed. Complainant has been and is now ready to pay respondent the amount, if any, remaining due to him on the agreed purchase price. The special prayer of the bill is that respondent be required to execute to complainant a proper deed to the land with covenants of warranty, and there is added the general prayer for relief. The answer avers that the acre in question is a part of respondent's homestead which is less than 100 acres in area, and less than $2,000 in value, and that complainant is a married man, and that he and his wife are citizens of this state. It denies that the agreed purchase price was $50, or that such sum was paid respondent. It avers that the land was to be paid for by complainant by delivery to respondent of a mare represented by him to be sound and serviceable and with foal, and that after said delivery respondent found that she was neither serviceable nor with foal; that a controversy arose between them, which was finally settled by a new agreement in novation of the original one, whereby respondent was to keep the mare, and complainant was to pay him an additional sum of $32; that this sum has never been paid; and that respondent is under no duty, either legal or moral, to convey the land to complainant. Other than this the allegations of the bill are denied. The evidence showed without dispute that complainant and respondent traded mares with each other, respondent agreeing to give complainant as boot the acre of land, and that the trade was consummated by the mutual delivery of the mares, and by

[Williams v. Kilpatrick.]

complainant being put in possession of the land. The evidence was in dispute as to whether complainant warranted his mare to be with foal and as to whether she was in sound condition when delivered. It is also in dispute whether complainant made any new agreement to pay additional money for the land. Respondent was living on an 80-acre tract of land with his wife as his homestead, and this 1-acre tract was a part of it, and lay in one corner. The homestead was of the value of $2,500, and the 1-acre tract was worth from $25 to $30. The court denied the special relief prayed for on the ground that the evidence was not reasonably convincing, that specific performance should be had, but under the general prayer decreed that complainant was entitled to recover $35 as the difference in value between the mares, and for its collection a vendor's lien was declared on the 1-acre tract, and appropriate orders entered for its enforcement.

GOODHUE & BRINDLEY, for appellant. E. O. McCORD, for appellee.

SOMERVILLE, J.— (1) When the owner of a homestead which is greater in value than $2,000, or in area than 160 acres, sells a portion thereof, leaving, including the dwelling and land contiguous thereto, the maximum value or area allowed by law for the homestead, this amounts to the selection of a homestead to the exclusion of the alienated tract, and the provisions of the Code (section 4161) with respect to the alienation of homesteads have no application. This proposition does not seem to have been heretofore considered by this or any other court, but its propriety cannot be doubted, and it is in harmony with our statutes and decisions.—*De Graffenried v. Clark*, 75 Ala. 425; *Marks v. Wilson*, 115 Ala. 561, 22 South. 134; *Jaffrey v. McGough*, 88 Ala. 648, 8 South. 333.

(2) Hence respondent's verbal sale of the 1-acre tract to complainant was sufficient to give him an equitable title, subject only to the wife's inchoate dower right. If complainant chose to accept a conveyance of the land with that incumbrance on it, the failure or refusal of the wife to execute the deed was no obstacle to specific performance.

Declining to grant relief to complainant by specific performance, because not reasonably satisfied by the evidence to that conclusion, the chancellor nevertheless found that complainant was

entitled to recover of respondent a money value of $35 received by respondent as the consideration for a conveyance of the land, for enforcing the collection of which a lien was decree on the land itself. The propriety of this decree is challenged: (1) Because no allegations of the bill make a case for such relief; and (2) because, in any event, the evidence does not support the necessary findings of fact.

(3) The first objection is based mainly on the theory that the allegation that the purchase price agreed on and paid was $50 is fatally variant from the fact shown, namely, that the real consideration for the land was the difference in the value of the mares exchanged between them.

For the purposes of this proceeding, it is of no consequence whether the agreed consideration was expressed in terms of cash or of some equivalent in property or other element; nor can it matter that the consideration proven is less than that alleged, if it be fair and reasonable. The averment of a consideration of $50 in the bill was evidently but an attempt to state the value in money of what was actually paid in property, and "proof of a different consideration which does not change the essential rights of the parties, nor destroy the right of redress, cannot be treated as a variance."—*Cooper v. Parker*, 176 Ala. 122, 125, 57 South. 472, 473. The first objection is therefore without merit.

(4, 5) The evidence convinces us that the actual consideration for respondent's agreement to sell and convey the land to complainant was the difference between the values of their respective mares. We are further satisfied that this difference was not less than $35, and that this was at least as much as the acre of land was worth. These conclusions of fact, if not avoided by the defensive matter offered by respondent, fully entitle complainant to the specific performance prayed for. The defenses urged are: (1) That there was a partial failure of consideration, in that the mare traded to respondent was warranted to be with foal, and in fact was not; and (2) that, a dispute having arisen between the parties in that regard, a new contract was substituted for the original agreement, by way of complete novation, by which complainant agreed to pay respondent $31.50 additional as an inducement to respondent's execution of the conveyance, which complainant has not paid. The burden was on respondent to establish each of these defenses. As to the first, we think the

[Williams v. Kilpatrick.]

weight of the evidence is against it. As to the second, while it is shown without dispute that complainant, finding that respondent would not execute the agreement, did offer that amount for a conveyance of the land, yet we are by no means reasonably satisfied that this was a compromise in novation of the original contract. Indeed, the evidence, fairly considered, tends strongly to show the contrary. ·

(6) The conclusion of the whole matter then is that complainant was entitled to a specific performance of the agreement to convey by respondent. The chancellor, however, denied this relief, but retained the bill in order to do equity by compelling respondent to restore to complainant the value paid by him, and for which he had no equivalent. This was in accordance with the well-established practice of chancery courts in such cases; complainant having an equal equity to recover the consideration paid by him, or to have compensation for valuable improvements made by him.—*Aday v. Echols*, 18 Ala. 353, 52 Am. Dec. 225; *Irwin v. Bailey*, 72 Ala. 467, 476; *Powell c. Higley*, 90 Ala. 103, 7 South. 440; *Birmingham Nat. Bank v. Roden*, 97 Ala. 404, 11 South. 883; *Jones v. Gainer*, 157 Ala. 218, 47 South. 142, 131 Am. St. Rep. 52; 30 Cyc. 2037-2039.

(7) If it was error to grant this form of relief, it was error only as against complainant. Respondent, having refused to execute the contract which the evidence established against him, created a condition which would have supported the decree under a special prayer for such relief.—39 Cyc. 2031d. He cannot complain that it was granted as an alternative to specific performance, under the general prayer and the general power of the court.

The decree of the chancery court will therefore be affirmed.
Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.