(93 South. 517)
### IRVIN v. IRVIN.   (7 Div. 108.)

(Supreme Court of Alabama.   May 11, 1922.)

**1. Frauds, statute of ⬅129(9)—Averments of bill for specific performance as to possession and improvements held to take contract out of statute.**

A bill to require conveyance of land, averring immediate compliance with the parol contract by the respective parties, as delivery of possession of lands by the vendor and the constructing of buildings and improvements as required of the vendee, and averring that the required improvements were made with the consent of the vendor, or with his knowledge, from which his consent is implied, *held* to take the contract out of Code 1907, § 4289.

**2. Appeal and error ⬅187(2), 719(1)—Argument as to misjoinder not supported by specific ground of demurrer or assignment of error not considered.**

Argument as to joinder of vendor's wife in bill for specific performance will not be considered, where not duly supported by specific ground of demurrer or assignment of error.

**3. Parties ⬅84(1)—Modes of objection to omission of necessary party stated.**

Where the fact of omission of a necessary party is shown on the face of the bill, it may be questioned by demurrer, or notice of the defect may be taken by the Supreme Court or the lower court ex mero motu, but, if that defect is not shown by inspection of the bill, it should be indicated by a plea in abatement.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Appeal and error ⬲1079—Ordinarily grounds not sufficiently argued are treated as waived.**

Ordinarily a ground of demurrer not sufficiently argued by appellant will be treated as waived, that is, if it be not with respect to omission of a necessary party which is shown by inspection of the bill.

**5. Specific performance ⬲106(4)—Bill not demurrable for failure to join mortgagee and trustee.**

Where a bill for specific performance showed that it was not the purpose of the parties to the sale or of complainant to question, controvert, or affect, by the relief sought, the title or interest of the trustee of the mortgage on the land, but that the sale of the land was subject to the mortgage, and that the lien sought to be fixed by the decree was in subordination to such title and interest of the mortgagee, and the full discharge of the mortgage and the execution of the decree would not affect the rights or remedies of the mortgagee had against the mortgagor or his lands, the bill was not demurrable for failure to join the trustee and mortgagee.

**6. Evidence ⬲122(8)—Sunday contract may be looked to as res gestæ to explain subsequent acts of the parties.**

If an initial parol agreement to sell land was made on Sunday, it may be looked to in ascertainment of the parol agreement by the respective parties in the subsequent delivery of possession of the lands by the vendor and the erection of valuable improvements thereon by the purchaser with the knowledge or consent of the vendor and as an execution of the agreement of purchase; it being a part of the res gestæ of the acts of the parties, showing the true intent of the parol agreement taking effect under the law.

**7. Specific performance ⬲114(4)—Allegation of offer to perform is a formal one.**

Generally, where specific performance is sought, an offer to perform must be shown to enable the court to render a proper decree affecting the interests of the parties in the subject-matter, but the allegation is formal, and it is sufficient to show ability or willingness to perform, especially where the bill shows that complainant has partly performed and has been prevented from making full performance by his adversary's act, and that further offers would not be accepted if tendered.

**8. Boundaries ⬲47(4)—Vendor estopped to claim that improvements taking contract out of statute of frauds were not within boundaries of land, where he pointed out the corners.**

As respects the issue whether vendee's improvements took an oral land contract out of the statute of frauds, the vendor was estopped to claim that some of the improvements were not placed on the land originally, but across or just beyond the line, where he was present and indicated or saw the several corners of the land pointed out to his father, the vendee, and thereafter, on question arising as to the exact location of the line, the vendor, being appealed to by the vendee as to the true location, instructed his father to proceed with the erection of the improvements indicated, and to insist on the lines and corners as originally pointed out to him.

**9. Estoppel ⬲95, 96—Negligence or silence may work estoppel.**

A negligent act or guilty silence may work an estoppel as effectually as an express representation.

**10. Estoppel ⬲53—Acts and conduct may work estoppel.**

Acts or conduct, though nothing is said, if they are calculated to mislead and do in fact mislead, will work an estoppel, notwithstanding there was no intention to do so.

**11. Specific performance ⬲14—Wife's refusal to join in conveyance not bar to relief against husband.**

A verbal sale of land in which the wife did not join may warrant equitable relief, subject to the wife's inchoate right of dower; and, if a vendee chooses to accept a conveyance of land with such incumbrance, the wife's failure or refusal to join in conveyance is not an obstacle to specific performance in a proper case.

**12. Specific performance ⬲127(2)—Plaintiff, though denied specific performance, may be awarded lien on land for purchase money paid.**

In a proper case, although specific performance of a land sale contract is refused because of failure to establish the contract as alleged, the bill may be retained to allow the purchaser compensation, where he has gone into possession of the land, paid all or a part of the purchase price, or made valuable improvements thereon on the faith of his contract, and a lien may be declared upon the land for his reimbursement; his remedy at law not being adequate.

**13. Homestead ⬲96, 97—Lien for purchase money or improvements not imposed upon homestead.**

Under Code 1907, § 4161, as to homestead alienation, the rule that, although specific performance is denied, the bill may be retained to allow the purchaser a lien upon the land to reimburse for purchase price paid or the cost of improvements made by him, is not applicable, where the land involved is a part of a homestead, the whole of which is worth less than $2,000, and the wife refuses to join in the verbal sale sought to be enforced, for verbal sale of part when the whole is worth less than $2,000 cannot be treated as a selection of a homestead to the exclusion of the alienated tract.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Bill by L. B. Irvin against Joseph L. Irvin to require conveyance of land. From a decree for the complainant respondent appeals. Reversed and rendered.

E. O. McCord & Son, of Gadsden, for appellant.

Complainant, having erected the dwelling on the wrong land, failed in the conditions of the agreement. 4 Port. 297. The land was a homestead of less value than $2,000, and the wife did not join in the agreement to convey.

Goodhue & Goodhue and J. S. Franklin, all of Gadsden, for appellee.

The unconveyed portion of the tract being of value in excess of $2,000, the conveyance of the excess is a selection of unconveyed portion as the homestead. 195 Ala. 563, 70 South. 742. The bill had equity as one to determine the value of improvements and fix a lien therefor. 157 Ala. 218, 47 South. 142, 131 Am. St. Rep. 52; 90 Ala. 103, 7 South. 440; 88 Ala. 338, 6 South. 747. The purchaser being put in possession and having made the improvements, the verbal agreement was not within the statute of frauds. 8 South. 349; 98 Ala. 274, 13 South. 487.

THOMAS, J. [1] Assignment of error is predicated on overruling respondent's demurrer to the bill as amended. The bill averred immediate compliance with the parol contract by the respective parties thereto, as delivery of possession of lands by the vendor and the constructing of buildings and improvements thereon as required of the vendee. It is further averred that the required improvements on the land were made with the consent of the vendor, or with his knowledge, from which his consent is implied. Thus was the contract taken without the statute of frauds. Code 1907, § 4289; Formby v. Williams, 203 Ala. 14, 81 South. 682; Shakespeare v. Alba, 76 Ala. 351; B. M. R. Co. v. Bessemer, 98 Ala. 274, 277, 13 South. 487; E. T. V. & G. R. Co. v. Davis, 91 Ala. 615, 619, 8 South. 349. And the ground of demurrer rested on the statute is not well taken.

[2] The demurrer failed to challenge the amended bill for misjoinder of parties respondent, and argument as to joinder of the vendor's wife is not duly supported by specific ground of demurrer or assignment of error. Wootten v. Vaughn, 202 Ala. 684, 81 South. 660; Whiteman v. Taber, 203 Ala. 496, 83 South. 595; Marbury Lumber Co. v. Posey, 142 Ala. 394, 38 South. 242; First National Bank v. Elliott, 125 Ala. 646, 659, 27 South. 7, 47 L. R. A. 742, 82 Am. St. Rep. 268.

[3, 4] Respondents incorporated in their answer an additional ground of demurrer that the bill shows on its face that T. W. Morrow, as trustee and mortgagee, is a necessary party to the suit for specific performance of sale of the land. Where the fact of omission of a necessary party is shown on the face of the bill, it may be questioned by demurrer, or notice of the defect taken by this or the lower court ex mero motu. Hodge v. Joy (Ala. Sup.) 92 South. 171.[1] If that defect is not shown by inspection of the bill, it should be indicated by a plea in abatement. Griffin v. Griffin, 206 Ala. 489, 90 South. 907; Berlin v. Sheffield Co., 124 Ala. 322, 26 South. 933. Ordinarily a ground of demurrer not sufficiently argued by appellant will be treated as waived; that is, if it be not with respect to omission of a necessary party which is shown by inspection of the bill. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 South. 158.

[5] An inspection of the averments of the bill as to the nature of the contract of sale shows that it was not the purpose of the parties to the sale or of complainant to question, controvert, or affect, by the relief sought, the title or interest of this trustee as holding a mortgage on the land; but sale of the land was subject to the mortgage, and the lien fixed by the decree was in subordination to such title and interest of the mortgagee and its full discharge, or the execution of the decree would not affect the rights or remedies of the mortgagee had against the mortgagor or his lands. Hodge v. Joy, supra; Bolling v. Pace, 99 Ala. 607, 609, 12 South. 796; West v. Henry, 185 Ala. 168, 64 South. 75; Butler v. Henry, 202 Ala. 155, 156, 79 South. 630; Singleton v. U. S. F. & G. Co., 195 Ala. 506, 512, 70 South. 169; Whiteman v. Taber, supra; Davis v. Taylor Co., 158 Ala. 237, 47 South. 653; Equitable Mortgage Co. v. Finley, 133 Ala. 575, 579, 31 South. 985; Freeman v. Stewart, 119 Ala. 158, 164, 24 South. 31; Mutual Asso. v. Wyeth, 105 Ala. 639, 644, 17 South. 45; Orr v. Blackwell, 93 Ala. 212, 8 South. 413; Keith v. McCord, 140 Ala. 402, 37 South. 267; Delabers v. Norwood, 3 Swanst. (1786) 144; Rose v. Page (1829), 2 Simons' Eng. Ch. Rep. 471; Richards v. Cooper, 5 Beav. Rolls Ct. Cases (1842), 304. And after complainant's subordinate lien is declared and fixed by the decree, should the mortgagee's debt not be paid at maturity, he may (1) bring suit for debt upon the bond, or (2) maintain an appropriate action for possession of the property conveyed by the mortgagee and in a proper case possess himself of the rents and profits, or (3) bring his bill to foreclose the equity of redemption and sell the property for the satisfaction of the debt, and have a deficiency decree against his mortgagor. Lyon v. Powell, 78 Ala. 351; Williams v. Cox, 78 Ala. 325. Appellant's counsel have treated the mortgagee as not being a necessary party by not sufficiently urging the same.

[6] If the matter incorporated in the plea— that the initial parol agreement was made on Sunday—was a fact, it may be looked to in ascertainment of the parol agreement by the respective parties in the subsequent delivery of possession of the lands by the vendor and the erection of valuable improvements thereon by the purchaser with the

---

[1] Ante, p. 198.

knowledge or consent of the vendor and as an execution of the agreement of purchase. It was "part of the res gestæ of the acts" of the respective parties showing the true intent of the parol agreement taking effect under the law. Eddins v. Galloway Coal Co., 205 Ala. 361, 87 South. 557; Stewart v. Harbin, 206 Ala. 484, 90 South. 496; Rainey v. Capps, 22 Ala. 288. There is a strong tendency of evidence adduced that the parol agreement of purchase was not made on Sunday, but on Saturday night. And a careful consideration of all the evidence impresses us that such was the fact. It is without dispute that the father (vendee) came to respondent's house Saturday night in response to a letter written by vendor's wife at the instance of vendor, offering to sell the land and requesting him to come, that a sale might furnish funds to pay for or to enable vendor to consummate the purchase of other lands or free the remaining tract of lien.

[7] It is next insisted that there has been no tender of the balance of amount due on the purchase price. As a general rule, where specific performance is sought, an offer to perform must be shown to enable the court to render a proper decree affecting the interests of the respective parties in the subject-matter of the suit.

"The allegation is formal, and it is sufficient to show ability or willingness to perform, and it may well be doubted whether it is material, when the bill shows that complainant has partly performed, and has been prevented from making full performance by the act of his adversary, and that further offers would not be accepted, if tendered." Campbell v. Lombardo, 153 Ala. 489, 492, 44 South. 862; Taylor v. Newton, 152 Ala. 459, 44 South. 583; Jenkins v. Harrison, 66 Ala. 345; Stewart v. Cross, 66 Ala. 22; Ashurst v. Peck, 101 Ala. 499, 14 South. 541.

A repudiation of the contract by one party has been held to relieve the other of the duty of tendering performance of obligations or conditions precedent to, or concurrent with, performance (Saunders v. McDonough, 191 Ala. 119, 134, 67 South. 591); and where one party has placed it beyond his power to comply, tender is not required by the other (Rice v. Rice, 199 Ala. 672, 75 South. 21).

[8-10] Lastly, the appellant cannot be heard to say that some of the improvements were not placed on the land originally, but across or just beyond the line, since he was present and indicated or saw the several corners of the land pointed out to his father, the vendee, complainant in the present suit. Thereafter an uncertainty existed as to the exact location of the land line as affecting that of McCarver, and the vendor, being appealed to by the vendee as to the true location, instructed his father to proceed with the erection of the improvements indicated, and to insist upon the lines and corners as originally pointed out to him. This estopped appellant, respondent, from insisting that all of the improvements were not placed in the first instance upon the land. To show the good faith of complainant, as soon as the true line was established, such of the improvements as were situated beyond the line were removed by complainant to the lands in question, and appellant had the benefit of the same at the time of the first decree. He was estopped by his postive acts; whereas the law is that a negligent act or guilty silence may work an estoppel as effectually as an express representation. Ivy v. Hood, 202 Ala. 121, 79 South. 587; Cooper v. Cooper, 206 Ala. 519, 91 South. 82, 84. So, too, acts or conduct, though nothing is said, if they are calculated to mislead, and do in fact mislead, will work an estoppel, notwithstanding there was no intention to do so. Tobias v. Josiah Morris & Co., 126 Ala. 535, 28 South. 517; Brooks v. Greil Bros. Co., 179 Ala. 459, 60 South. 387; Hendrix v. Southern Ry., 130 Ala. 205, 30 South. 596, 89 Am. St. Rep. 27.

[11] A verbal sale of land in which the wife did not join may be sufficient to warrant equitable relief, subject to the wife's inchoate right of dower. Chavors v. Mayo, 202 Ala. 128, 79 South. 594. If a vendee chooses to accept a conveyance of land with such incumbrance, the failure or refusal of the wife thereto was not an obstacle to specific performance in a proper case. Williams v. Kilpatrick, 195 Ala. 563, 70 South. 742.

[12] In a proper case, where a bill is filed to compel specific performance of a contract of sale of lands, notwithstanding specific performance is refused because of failure to establish the contract as alleged, yet it may be retained for the purpose of allowing the purchaser compensation where he went into possession of the land, paid all or a part of the purchase price, or made valuable improvements thereon on the faith of his contract. Under such circumstances (on failure of specific performance) he has not an adequate remedy at law for the payments or improvements made by him, and on proof of his averments is entitled to have a lien declared upon the land for his reimbursement for the same. "An equity court alone can declare and enforce such a lien." Goodwin v. Lyon, 4 Port (Ala.) 297, 314; Mialhi v. Lassabe, 4 Ala. 712, 714; Aday v. Echols, 18 Ala. 353, 357, 52 Am. Dec. 225; Irwin v. Bailey, 72 Ala. 467, 476; Allen v. Young, 88 Ala. 338, 344, 6 South. 747; Powell v. Higley, 90 Ala. 103, 109, 7 South. 440; Jones v. Gainer, 157 Ala. 218, 47 South. 142, 131 Am. St. Rep. 52; Williams v. Kilpatrick, supra; Phillips v. Thompson, 1 Johns. Ch. (N. Y.) 131, 150; Brodie v. St. Paul, 1 Ves. Jr. (Sumner's Ed.), 326, 329; Greenaway v. Adams, 12 Ves. Jr.

395, 399, 401; Denton v. Stewart, 1 Fonblanque's Eq. 62, n. (z), 153 (177).

[13] An examination of the foregoing authorities discloses that only one of these cases had for its subject lands that at the time of the attempted sale were a part of a homestead. This was the fact in Williams v. Kilpatrick, supra, where the owner of a homestead, greater in value than $2,000 or in area than 160 acres, sold a portion thereof, leaving (including the dwelling and the land contiguous thereto) the "maximum value or area allowed by law for the homestead." Held, that such sale amounted to the selection of a homestead to the exclusion of the alienated tract, and that the provisions of section 4161 of the Code, with respect to the alienation of homesteads, was without application; that a verbal sale of a one-acre tract from such homestead was sufficient to give the vendee an equitable title, subject only to the wife's inchoate right of dower. In that case, though relief was denied because the court was not reasonably satisfied by the evidence of the right to specific performance, yet the bill was retained "in order to do equity by compelling respondent [vendor] to restore to complainant [vendee] the value paid by him, and for which he had no equivalent." And this relief was awarded in accordance with "the well-established practice of chancery courts in such cases" to "recover the consideration paid by him, or to have compensation for valuable improvements made by him."

In Clark v. Bird, 158 Ala. 278, 283, 48 South. 359, 132 Am. St. Rep. 25, the lands in controversy at the time of the attempted sale were a part of a homestead; bond for title was executed by the husband, and not duly signed and acknowledged by the wife. The same was held void as an obligation to convey, and did not operate as an estoppel against the husband, notwithstanding he had been paid a part of the purchase price; that a court of equity could not fasten a lien on such part of a homestead for improvements made by one in possession under a void contract of purchase, upon the theory of an equitable estoppel; nor could a court fasten a lien on such part of a homestead growing out of the acquiescence of the owner on the theory that it amounted "to an implied obligation to pay for the improvements, when such an express promise and obligation to do so could not operate as a charge thereon." See Town of Clio v. Lee, 199 Ala. 145, 74 South. 243; 4 A. L. R. p. 1272, note.

The evidence of the value of the 40 acres of the homestead at the time of the making of the parol agreement or sale of the small tract is not sufficient to warrant the decree, under the authority of Williams v. Kilpatrick, supra. If it was of less than $2,000 in value at the date of the sale to complainant,

the rule declared in Clark v. Bird, supra, is apparent, and would prevent a recovery at the instance of the complainant. We have carefully considered all of the evidence, and are of opinion that during the year 1913 the 40-acre tract in question was not worth $2,000.

The decree of the circuit court, in equity, is reversed, and a decree is here rendered for the respondent in the court below.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.