362 So.2d 317 (1978)
Laura F. FRASE, Administratrix of the Estate of John A. Meyer, Deceased, Also Known As J.A. Meyer, Jennifer M. Brazell and Edward Brazell, Her Husband, William B. Meyer and A.R. Meyer and Ruth Meyer, His Wife, Appellants,
v.
J.M. BRANCH and Marian L. Branch, His Wife, Appellees.
No. 77-1342.
District Court of Appeal of Florida, Second District.
July 26, 1978.
Rehearing Denied August 30, 1978.
*318 John F. Bennett of Fishback, Davis, Dominick & Simonet, Orlando, for appellants.
T. Richard Hagin of Getzen & Hagin, Bushnell, for appellees.
HOBSON, Acting Chief Judge.
In this appeal we are confronted with the question of whether homestead rights will defeat an agreement for deed in which the grantor's spouse did not validly join where the grantor owned the property separately and the grantor and his spouse retained more than 160 contiguous acres of rural land in excess of the property subject to the agreement. The trial court answered this question in the affirmative. We answer this question in the negative and reverse the final judgment of the trial court.
The facts are not in dispute. The grantor, J.M. Branch, bought 360 contiguous acres of rural land and took title in his name alone. Later, the grantor and his wife took title by the entireties to another 80 acres which is contiguous with the original 360 acres. Mr. and Mrs. Branch constructed a home on this land and have lived there since 1945. In 1961, Mrs. Branch was physically and mentally disabled. In 1971, Mr. Branch entered into an agreement for deed with a close friend, John Meyer. The agreement covered 40 acres of the original 360 acres purchased by Mr. Branch. Fulfillment of the terms of agreement for deed would leave Mr. and Mrs. Branch with 400 contiguous acres of land containing their homesite. While Mrs. Branch's signature appeared on the agreement, there is now no dispute that it is invalid due to her mental incompetency. Mr. Meyer assumed exclusive dominion over the 40-acre tract sold by Mr. Branch. John Meyer died in 1973 after having paid $4,500 under the agreement. Laura Frase, as administratrix of Meyer's estate, brought action in the trial court to obtain specific performance of the agreement for deed. Mr. and Mrs. Branch asserted homestead as an affirmative defense and paid $4,500 into the registry of the court. At the bench trial, Mr. Branch testified to the portions of the 440-acre tract which he selected as homestead. Included in this selection of the 160-acre homestead tract was the 40 acres subject to the agreement for deed. The trial resulted in a final judgment which found that Mrs. Branch was mentally incompetent at the time she joined in execution of the agreement, that the agreement for deed was void, and that Mr. and Mrs. Branch had not abandoned the 40 acres in a manner defeating their homestead rights to that parcel. Accordingly, the trial court denied specific performance, quieted title in Mr. Branch, and ordered payment to Meyer's administratrix of the $4,500 deposited into the registry of the court.
Homestead rights have long been embodied in the organic law of this state [See Baker v. State, 17 Fla. 406 (1879) interpreting the homestead provision of the Florida Constitution of 1868.] The purpose of these protections is to preserve a home for the family, even at the sacrifice of just demands, and to protect the family from destitution and want. Hill v. First National Bank of Marianna, 79 Fla. 391, 84 So. 190 (1920). The provisions of homestead laws should be carried out in the liberal beneficent spirit in which they are enacted. Milton v. Milton, 63 Fla. 533, 58 So. 718 (1912); *319 Jetton Lumber Co. v. Hall, 67 Fla. 61, 64 So. 440 (1914). Nevertheless, great care should be taken to prevent homestead laws from becoming instruments of fraud, an imposition on creditors, or a means to escape honest debts. Id.; see also Vandiver v. Vincent, 139 So.2d 704 (Fla.2d DCA 1962).
Homestead protections are not unlimited. In Florida, homestead property may consist of up to 160 contiguous acres of qualified rural land. In Florida, as well as in many other states, property in excess of the homestead, though part of the same tract, may be made subject to the obligations of the landowner. See Weiss v. Stone, 220 So.2d 403 (Fla.3d DCA 1969); Barco v. Fennell, 24 Fla. 378, 5 So. 9 (1888); 1 American Law of Property § 5.82 (A.J. Casner ed. 1952); 40 C.J.S. Homesteads §§ 43, 146 (1944); 40 Am.Jur. Homestead § 40 (1968); Annot. 45 A.L.R. 395, 413 (1926).
In the case at bar, Mr. and Mrs. Branch owned a total of 440 contiguous acres of rural property. They were entitled to select only 160 contiguous acres as their homestead, leaving 280 excess acres. The 280 acres of excess land were subject to the obligations of the owner. If the 40-acre tract alienated by Mr. Branch was a part of his 280 acres of excess land, then the 40 acres is subject to his obligations. Accordingly, the homestead laws would not prevent specific performance of the agreement for deed to the 40-acre tract.
The force of the argument made on behalf of Mr. and Mrs. Branch is not that any part of the 280 acres of excess land was not alienable without valid joinder of Mrs. Branch, but that the trial court properly ruled that Mr. Branch could not be held to have selected his homestead property from land other than the tract subject to the agreement for deed. Thus, apparently for the first time, a court of this state is squarely presented with the issue of whether an instrument, alienating property which is in excess of the homestead amount and nonessential to the homestead protection, operates as a selection of homestead to the exclusion of the alienated property from the land from which homestead may be selected. If this issue is answered in the affirmative, then the alienated property is not homestead and the validity of the instrument of alienation is not affected by the failure to join the grantor's spouse.
The courts of many other jurisdictions have considered this issue and quite uniformly held that the instrument of alienation acts as a selection of homestead by exclusion of the alienated tract. The general rule has been stated as follows:
"Where the owner of a tract of land sells part of it, if the part retained is sufficient to constitute homestead and the part sold is not essential to the homestead, the sale is an election to treat the part retained as homestead and not the part granted." 40 Am.Jur.2d Homestead § 82 (1968).
"[H]ence, a sale of such excess is not rendered invalid because it fails to comply with the statutory requirements for the conveyance of homesteads." 40 C.J.S. Homesteads § 146 (1944).
The sale of such excess land is not rendered invalid because the grantor's spouse had failed to join in the instrument. Accord, Kunkel v. Kunkel, 515 S.W.2d 941 (Tex.Ct. Civ.App. 1974) (on rehearing).
The case which appears to be the root of this rule in Alabama is Williams v. Kilpatrick, 195 Ala. 563, 70 So. 742 (1916). That case involved a contract to convey a tract of land where the seller retained sufficient contiguous property to constitute the maximum homestead amount including the dwelling. The Supreme Court of Alabama ruled that the contract to sell the tract "amounts to the selection of a homestead to the exclusion of the alienated tract, and the provisions of the (Alabama code) with respect to the alienation of homestead have no application." 70 So. at 743. That court held that the buyer could specifically enforce the contract for sale. Biglane v. Rawls, 247 Miss. 226, 153 So.2d 665 (1963), recognized the force of this rule and collected various authorities from different jurisdictions. See also Thorp v. Thorp, 70 Vt. 46, 39 A. 245 (1897); Rutherford v. Jamieson, 65 Miss. 219, 3 So. 412 (1888); Hall v. Gottsche, 114 Iowa 147, 86 N.W. 257 (1901).
*320 The rule is logical and fair. The reason for the rule is easily understood. The rule fulfills the purpose of the homestead laws by preserving the maximum protection available under those laws while exercising great care to ensure that those laws do not become a vehicle to avoid just obligations. Generally, the landowner has a right to select his homestead in any contiguous shape from his qualifying lands. See Shone v. Bellmore, 75 Fla. 515, 78 So. 605 (1918) and Sections 222.01 and 222.02, Florida Statutes (1977). However, once the landowner has dealt with others in a manner establishing an exercise of his right of selection, the landowner may be held to that selection. Hence, where the landowner's act clearly manifested an intention not to select and occupy a portion of his property as homestead, he cannot, to the detriment of a just claimant, thereafter disclaim any intention to make this selection. See Semple v. Semple, 82 Fla. 138, 89 So. 638 (1921). Where the seller retains the maximum amount of land qualified to be selected as homestead, the landowner's family is afforded maximum homestead protection. His alienation may be considered as an exercise of his right to select the retained land as homestead rather than the land conveyed. The land subject to conveyance is therefore not homestead and may be alienated without joinder of the landowner's spouse. This result preserves the sanctity of the agreement and protects the rights of the buyer while in no way impairing the function of the homestead provisions.
In the instant case, Mr. Branch was entitled to select his homestead from the 440 contiguous acres owned by him and his wife. When he sold 40 of those acres to Mr. Meyer, he manifested an unequivocal intent not to use and occupy those 40 acres as his homestead. He may be held to have selected his homestead to the extent of excluding the 40 acres sold to Mr. Meyer. The 40-acre tract was no longer homestead. It was alienable, and in fact alienated, by Mr. Branch without valid joinder of his wife. He retained 400 contiguous acres of land (well more than twice the maximum amount) from which to select his homestead and protect his family.
We note in passing that the enforceability of contracts to convey homestead has been the subject of some doubt. See 1 American Law of Property § 5.103 (A.J. Casner ed. 1952); 40 Am.Jur. Homestead § 129 (1968). However, this doubt does not arise where, as here, the property subject to the agreement to convey was, in fact, not homestead. Where the landowner's actions have excluded excess land from homestead protections, the homestead laws do not apply and do not bar the remedy of specific performance of the contract. See Williams v. Kilpatrick, supra; 1 American Law of Property § 5.103 (A.J. Casner ed. 1952); 40 C.J.S. Homesteads § 146 (1944).
The trial court having misconstrued the legal significance of the undisputed facts, its final judgment denying specific performance of the agreement for deed must be reversed. The cause is remanded to the trial court for entry of a final judgment ordering specific performance of the agreement for deed according to its terms.
REVERSED and REMANDED.
BOARDMAN and SCHEB, JJ., concur.