# Taylor *v.* Newton, *et al.*

### *Bill for Specific Performance.*

(Decided July 2, 1907.   44 South. 583.)

1. *Vendor and Purchaser; Option.*—Although an option for the purchase of land is unilateral, the vendor becomes bound by it if, be-

fore withdrawing it, he accepts part payment within the time specified by the option.

2. *Same; Assignment; Right of Assignee.*—If the vendor accepts a part payment from the assignee of his vendee before a withdrawal of the option, such vendor becomes bound to carry out the contract with the assignee, although the option was not assignable.

3. *Same; Evidence of Title; Tender.*—Where a vendee had paid a sum certain to bind the bargain, he had a right to demand evidence of the vendor's title as a condition precedent to further performance on his part, where the vendor of the option did not appear of record as the owner of the land.

4. *Specific Performance; Condition Precedent.*—The vendee having offered to make payment on being furnished evidence of title, upon demand for such evidence, and the vendor having failed to give any evidence of his title, the vendee was not relieved from making a second tender before enforcing the specific performance, where the vendor's title thereafter was made to appear of record.

5. *Same; Parties.*—It is proper to make as parties to a bill for specific performance of a contract to convey land, the transmittors of the title from the vendor in the option to the then owner of the land.

APPEAL from Tallapoosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by W. R. Taylor against E. D. Newton and others to compel specific performance of contract to convey land. From a judgment sustaining demurrers to the bill, complainant appeals. Reversed and rendered.

This was a bill filed by W. R. Taylor against Edwin D. Newton, J. H. Baird, and Edwin R. Freeman, as individuals and as partners, and the Hunnicutt-Neal Lumber Company. The case made by the bill is that Edwin Newton executed and delivered to Thomas J. Adams a certain paper writing in the following language:

"Savannah, Ga., July 28, 1903.

"To All Whom It May Concern: This is to certify that I have this day—the 28th of July 1903—given an option on all of my land in Tallapoosa county, Alabama, to Thomas J. Adams, of Montgomery, Ala., said option to last for twelve months from this date.

"(Signed)     Edwin D. Newton, M. D.

"I agree to take $8,000 in cash for all of my lands in Tallapoosa county, Alabama.

                              "Edwin D. Newton.

"Written and delivered in person to the said Thomas J. Adams in the city of Savannah, Ga., on the 28th day of July, 1903.

                              "E. D. N."

It is then alleged that, while in possession and claiming to own certain lands described in the bill, the said Newton executed and delivered the above agreement to the said Adams; that at that time he owned no other lands in Tallapoosa county, Ala., except the lands described in the bill as the land covered by and referred to in said option. It is averred that prior to the 21st day of May, 1904, the said Adams sold and transferred to Taylor the option above set out, and that Taylor on the 21st day of May, 1904, mailed the following check, to-wit:

"$100.00.                New Orleans, La., May 21, 1904.

"Providence Bank & Trust Co.: Pay to the order of E. D. Newton, M. D., $100.00 earnest deposit on account to bind purchase 1,600 acres of land as per options to T. J. Adams expiring July 28, 1904.

                              "William R. Taylor."

It is alleged that Newton received said check, indorsed the same, and collected the money thereon, and has kept the same thus paid as a part of the purchase money of said lands. It is then averred that at the time Taylor paid the said Newton the $100 he notified the said Newton that he would accept the said lands as per the Adams option, and notified him that the said $100 payment was made to bind the trade and paid as part of the

purchase money, and that the said Newton accepted the same. It is alleged that before the expiration of the option Taylor notified Newton that he was ready and willing to accept the property and pay for the same according to the terms of the option, and pay the balance of the purchase money, if said Newton would furnish Taylor an abstract of title to the land, or show Taylor the title deeds, showing that Newton had a good title to the land, or that the lands were free from incumbrances, but that Newton failed and refused to furnish an abstract of title, or allow him to see the deeds to said land, and that at that time there was nothing on the records of Tallapoosa county showing that the lands belonged to said Newton, except a mortgage outstanding and unpaid, given on the lands, or a part of the same, by the said E. D. Newton. It is alleged that long after the payment of the $100 on said land, and after his request to see the title of the said Newton, deeds of conveyance to said Newton to said lands were put upon the records of Tallapoosa county, showing that the title was in said Newton to said lands and that the mortgage had been satisfied. It is then averred that Taylor is ready, willing, and able to take said lands and pay the purchase price therefor, and there is an offer by Taylor to submit himself to the jurisdiction of the court and to take the lands and pay for the same. It is then averred that Baird and Freeman claimed to have purchased these lands on or about the 8th day of March, 1905, from the said Newton, and that they had received a deed for the same; and it is averred that at the time and before the purchase the said Baird and Freeman well knew and had notice of the fact that orator held the option that had been given by Newton to said Adams on said land, and that he had paid part of the purchase money, and was ready and willing to pay the balance. It is then alleged that Baird and Free-

[Taylor v. Newton, et al.]

man executed a deed to said lands to the Hunnicutt-Neal Lumber Company in November, 1905, and put them in possession, and the same notice and knowledge is alleged to have existed as to orator's option, etc. The prayer is for a specific performance by Newton and a divestiture of title out of the other defendants.

Numerous demurrers were assigned, and the cause was submitted for decree on these demurrers, which it is unnecessary to set out, and on motion to dismiss for want of equity. The chancellor dismissed the bill for want of equity, and sustained the demurrers thereto; and this decree is here assigned as error.

GEORGE A. SORRELL, for appellant.—The court had jurisdiction to entertain the bill.—2 Pom. Eq. Rem. § 744. Although the contract may have been unilaterial when the vendor accepted part payment of the purchase money before the withdrawal of the option, the contract becomes mutual and enforceable.—*Burdette v. Mumford*, 70 Ala. 423; *Wilkes v. G. P. R. R. Co.*, 79 Ala. 180; *Oliver v. Ala. G. L. Ins. Co.*, 82 Ala. 417; *Iron Age Pub. Co. v. W. U. Tel. Co.*, 83 Ala. 498; *Davis v. Roberts*, 89 Ala. 402; 124 Cal. 110. A purchaser with notice stands in the shoes of his vendor and holds his acquired title as trustee subject to the pre-existing encumbrances or equities. —*Brewer v. Brewer*, 19 Ala. 482; *Sawyer v. Baker*, 66 Ala. 292; *Meyer v. Mitchell*, 75 Ala. 475. The vendee had a right to demand proof of Newton's title, before making a tender.—*Cullom v. Bank*, 4 Ala. 21; *Chapman v. Lee*, 55 Ala. 616. The law will not force the purchaser to take the property and pay for the same until a good title is shown.—*Chapman v. Lee, supra; Lynn v. McLean*, 80 Ala. 360; *Ross v. Parke*, 93 Ala. 153. The bill sufficiently alleges a demand of evidence of title and a refusal.—Authorities supra. The matter had not

reached the stage where it was necessary for complainant to tender respondent a deed, but even if it had his failure would only affect the cost.—*Ashurst v. Peck*, 101 Ala. 499; 25 N. Y. 194; 11 Mich. 99.

JAMES W. STROTHER, and LACKEY & BRIDGES, for appellee.—The contract sought to be enforced was a simple offer to sell, revocable at any time, before acceptance by complying with its terms.—*Wilkes v. G. P. R. R. Co.*, 79 Ala. 180; *Borse v. Simpson*, 90 Ala. 377. The contract in this case is unilateral and will not support specific performance.—*Goodlet v. Hansel*, 66 Ala. 151; *Moon v. Crowder*, 72 Ala. 79; 4 John's Chan. 497; 18 N. J. Eq. 124. Baird and Freeman were improperly joined as parties defendant. The bill shows they have no interest.—*Orendorf v. Tallman*, 90 Ala. 441; *Lytle v. Sandefur*, 93 Ala. 396; *Robinson v. Allison*, 97 Ala. 596.

ANDERSON, J.—Conceding that the paper or option given Adams by the respondent Newton was unilateral, and that he (Newton) had the right to withdraw the offer at any time before acceptance, if it was accepted within the time specified and before the offer was withdrawn, it became a complete contract, as Newton, in accepting the $100, became bound thereby, and could not then withdraw without the consent of the complainant. A contract thus made, the other conditions existing, is a proper subject of specific performance in a court of equity.—*Wilks v. Ga. Pac. R. R.*, 79 Ala. 180. It may be that the option was not subject to assignment by Adams without the consent of Newton; but if Newton accepted the $100 as a part of the purchase money, with a knowledge that Taylor was tendering it as Adams' assignee, he in effect ratified the as-

signment to Taylor, and put himself in a position of being bound to carry out the contract with Taylor, if he was, in fact, the assignee of Adams when the payment was made. The bill avers that he was the assignee, and that he notified Newton at the time of making the payment that it was to carry out the Adams option. It is true Newton could not be required to specifically perform the contract, unless he could also compel Taylor to do so.—*Irwin v. Bailey*, 72 Ala. 467. But if Taylor, as assignee, accepted the option given Adams, and as such assignee made a payment on the purchase price agreed upon, and which was accepted by Newton, could it be doubted that Neton could compel him to perform the contract by taking the land and paying the balance of the purchase money? We think not. Then, if the contract became binding on Taylor, it was no longer wanting in mutuality, and was also binding on Newton.

A party who seeks the specific performance of a contract, as a general rule, must show performance on his part, or an offer to perform, thereby enabling the court to render a decree for the defendant, if necessary; but the allegation is formal, and it is sufficient to show ability or willingness to perform, and it may well be doubted whether it is material, where the bill shows that the complainant- has partly performed, and has been prevented from making full performance by the act of his adversary, and that further offers would not be accepted if tendered.—*Jenkins v. Harrison*, 66 Ala. 345; *Stewart v. Cross*, 66 Ala. 22; *Ashurst v. Peck*, 101 Ala. 499, 14 South. 541.

In the absence of an agreement as to the nature and character of the title or estate to be conveyed, the parties are presumed to contract with reference to an unincumbered and indefeasible legal title.—*Goodlet v.*

30 R

*Hansell,* 66 Ala. 151. "An agreement to make out a good title is implied from every contract for the sale of realty, and a purchaser is not bound to accept a doubtful title."—*Chapman v. Lee,* 55 Ala. 620.

The complainant sufficiently avers an offer to perform his part of the contract. He had a right to demand information as to Newton's title, if it did not appear of record, and to make his offer to pay the balance of the purchase money a condition precedent. We also think the respondent Newton's conduct, in not furnishing the information as to his title, was sufficient to convince the complainant that an offer to perform after discovering that Newton had a good title would be declined, but which is not a condition precedent to the equity of the bill, as his failure to make the second tender or offer should only affect the cost, in case of an acceptance by the respondent, in this proceeding.

Where specific performance would be decreed between the original parties to a contract, it will be decreed against their privies, unless there be some intervening equity to prevent.—*Meyer v. Mitchell,* 75 Ala. 475; *Goodlet v. Hansell,* 66 Ala. 151. The bill avers notice on the part of the other respondents at the time of the purchasing of the land.

It is insisted that Baird and Freeman were not proper parties to the bill, because they conveyed the land to the Hunnicutt-Neal Company before the bill was filed, and therefore have no interest in the subject-matter. They may not be necessary, but are proper, parties, and their being joined does not constitute a defect in the bill. They transmitted the title from Newton to the Hunnicutt Company.

The chancellor erred in dismissing the bill for want of equity, and in sustaining the demurrers thereto; and

the decree of the chancery court is reversed, and one is here rendered overruling same.

Reversed and rendered.

HARALSON, DOWDELL and MCCLELLAN, JJ., concur. TYSON, C. J., and SIMPSON and DENSON, JJ., are of the opinion that the bill is without equity, and dissent.