# Gibbs *v.* Wright.

## *Case.*

(Decided Nov. 28, 1911.   57 South. 258.)

1. *Logs and Logging; Sale of Timber; Instrument; Statute; Witnesses.*—Under section 3355, Code 1907, an instrument signed by a defendant, but not witnessed, reciting that defendant had sold to plaintiff for a stated consideration all the poplar and pine timber from 14 inches up, on certain real estate, and which plaintiff agreed to remove by a certain time, was not a deed conveying title to real property.

2. *Same.*—Trees growing on land are a part of the realty, and can only be conveyed by an instrument executed and witnessed as required by section 3355, Code 1907.

3. *Same; Standing Trees; Sale; Terms.*—Contracts for the sale of standing trees specifying the time within which they must be removed confer no right to cut and remove the trees after the time fixed, as a general rule; but if the instrument actually conveys the legal title to the trees, the grantee will be allowed a reasonable time within which to remove them.

4. *Same; License to Cut Timber; Transfer of Title.*—The contract stated and held not to transfer the title to the timber to the grantee but a mere license which was to be exercised within the time stated and not afterwards.

APPEAL from Colbert Circuit Court.

Heard before Hon. A. H. ALSTON.

Case by J. W. Wright against A. A. Gibbs. Judgment for plaintiff and defendant appeals. Reversed and remanded.

JAMES H. BRANCH, for appellant. The contract was not a deed but only a license, and passed no title to the timber.—*Riddle v. Brown,* 20 Ala. 412; *Heflin v. Bingham,* 56 Ala. 566; *Hicks v. Swift Creek Mill Co.,* 133 Ala. 411. Growing trees are a part of the realty, and are within the statute of frauds.—*Heflin v. Bingham, supra;* 17 Am. Rep. 595; 19 L. R. A. 721. There was no general estoppel shown, and the question of reasonable time was not raised.—*Nesbit v. Persons,* 33 Ala. 668; *Thornton v. Sheffield R. R. Co.,* 84 Ala. 109; 9 Cyc. 605. Counsel discuss the pleadings in the light of these authorities, and insist that the court committed reversible error. The value of the trees was no part of the damages.— *Heflin v. Bingham, supra.* The complaint was subject to demurrer for misjoinder.—*Sharpe v. National Bank,* 87 Ala. 44.

GEORGE P. JONES, and JACKSON & DELONEY, for appellee. No brief reached the Reporter.

DE GRAFFENRIED, J.—There were two counts to the complaint in this case. In the first count it is alleged that the appellant sold on July 10, 1909, certain pine and poplar timber to appellee standing on appellant's land, and that appellant in September and October of that year wrongfully cut from the land a lot of said poplar timber, and, without appellee's consent, removed the said timber from the land, and the same was lost to appellee, to his damages, etc. The second count was an action in trover for the conversion of certain poplar trees of appellee by appellant. There were a number of pleas, but it seems to us that the only question requiring our consideration are presented by the plea of the general issue. It appears from the evidence —and there is no material conflict in the testimony—

that the appellee, desiring certain poplar and pine trees which were standing and growing on certain lands of appellant, paid him $65 and received from him a certain instrument, which was in the following words: "I have received $65.00—Barton, Ala., July 10th, 1909. This is to certify that I, A. A. Gibbs, have sold to J. W. Wright for $75.00 all the poplar and pine from 14 inches up, on the Miller place. He also agrees to get this timber off by 1st day of September, 1909. Sheffeld Lumber Company is to have all the poplar at $14.00 per thousand feet, this being the poplar timber contracted by me to the Sheffield Lumber Company. A. A. Gibbs." It further appears from the evidence that the appellant at the time the above instrument was signed and delivered owed the Sheffield Lumber Company the sum of $10, and that, having paid $65 to appellant in cash, the appellee, with the knowledge and consent of appellant, paid the $10 to the Sheffield Lumber Company, and thus fully paid the $75 agreed upon as the price of said timber. It is further apparent from the evidence that from the date of the above instrument to September 1, 1909, the appellee was permitted by appellant to go upon the Miller place and cut and remove such trees as were covered by the contract, without molestation, but after that time appellee was not permitted to do so. The evidence further shows that subsequent to September 1st appellant cut a lot of poplar trees from the land and sold them against the protest of appellee.

1. It is manifest that the above instrument is not a deed conveying title to real estate. While many of the formalities which were required by the common law to be observed in conveying title to real estate have been dispensed with by our statutes, nevertheless an instrument conveying such title is one to which the law attaches much importance, and our statutes require that

such instruments must be in writing, must be subscribed by the grantor or his agent possessing written authority, and must be attested by at least one witness, who must write his own name as such witness.—Code, § 3355.

2. Trees growing upon lands are as much a part of the land as its soils or its minerals. The same formalities must be observed in making a valid conveyance of the title to trees growing upon land as must be observed in making a valid conveyance of the title to trees growing upon land as must be observed in conveying the title to the land itself, and, as the above instrument was not witnessed, it is clear that it was ineffectual for the purpose of conveying the title to the trees which it describes.—*Gulf Red Cedar Co. v. O'Neal,* 131 Ala. 135, 30 South. 466, 90 Am. St. Rep. 22.

3. The general rule is that contracts for the sale of standing trees specifying the time within which such trees are to be removed confer no right upon the licensee to cut and remove trees from the land of which they constitute a part after the expiration of the time fixed for their removal by the contract.—*C. W. Zimmerman Mfg. Co. v. Daffin,* 149 Ala. 380, 42 South. 858, 9 L. R. R. (N. S.) 663, 123 Am. St. Rep. 58. In Alabama, when the instrument conferring such right of removal is in fact such an instrument as conveys the legal title to the trees whereby the title and ownership of the trees remain in the grantee after the expiration of the time limited in the conveyance for their removal, our courts are disposed to grant to the grantee a reasonable time within which to remove them.—*Zimmerman Mfg. Co. v. Daffin, supra.* The above rule, in reference to conveyances of standing timber, was adopted by our supreme court, because, in construing deeds, "conditions subsequent are not favored in law, and must be strictly con-

strued because they tend to destroy estates and a vigorous exaction of them is a species of summum jus, and in many cases hardly · reconcilable with conscience.—4 Kent, 129; *Hoyt v. Kimball*, 49 N. H. 322. And, if it be doubtful whether a clause in a deed imports a condition or a covenant, the latter construction will be adopted.—*Zimmerman Mfg. Co. v. Daffin, supra.*

4. When the reason of a rule ceases to operate, the rule itself becomes inoperative. While the instrument now under discussion purports to convey certain trees on the Miller place, it does not in fact do so, and as the legal title to the trees did not, by virtue of the contract of which it is written evidence, thereby vest in the appellee, we can see no reason for extending, in construing it, a doctrine which our Supreme Court has only applied to instruments possessing the dignity and formalities of a conveyance of the title to land. "In applying rules of construction, the language employed in the instrument, the circumstances under which the contract was made, and the purpose for which it was made, are to be taken into consideration."—*Zimmerman Mfg. Co. v. Daffin, supra.*

In the present case, the appellant was evidently from the very language of the instrument under some sort of an obligation to deliver the poplar timber mentioned in the contract to the Sheffield Lumber Company at fourteen dollars per thousand feet, because the appellee in the contract agrees to so deliver the poplar. When, under his agreement with the Sheffield Lumber Company, appellant was to deliver the poplar, we do not know, but in the contract with appellee he fixed the time within which the delivery was to be made, viz., by September 1st, and it was therefore within the contemplation of the parties that the poplar was to be cut and removed from the premises by September 1st. This is

manifest, not only because the contract fixes September 1st for its removal, but because it also shows that appellee knew why it was to be done by that time, viz., that by that time it should be in the hands of the Sheffield Lumber Company, to whom appellant was under obligation to deliver it. It is also too plain to admit of argument that the pine was to be removed during the period granted appellee within which to remove the poplar. In our opinion the instrument created in appellee no title to the timber, but conferred upon him a license to cut and remove certain timber from the Miller place within a designated period, and not after that time.—*Davis v. Miller-Bent Lumber Co.,* 151 Ala. 580, 44 South. 639.

It follows from what we have above said that in our opinion the appellant was entitled to the affirmative charge, which he requested the court in writing to give to the jury in his behalf.

Reversed and remanded.