# Rice, *et al. v.* Rice.

### Specific Performance.

### (Decided April 5, 1917. 75 South. 21.)

1. **Appeal and Error; Preservation of Exceptions.**—In suit for specific performance, the defendants could not for the first tme on appeal complain that the bill was not specific in its averments of tender without having demurred to the bill for such defect under Code 1907, § 3128, and chancery rule 72 (Code 1907, p. 1550).

2. **Specific Performance; Right to Decree; Necessity of Tender.**—Where the vendor of land on contract had sold the land to another, so that he could not convey on payment or tender of the balance of the purchase price, the purchaser was not bound to make tender before seeking specific performance.

APPEAL from Marshall Circuit Court.

Heard before Hon. JAMES E. HORTON, JR.

Bill by B. S. Rice against Charles C. Rice and J. B. Farmer, seeking specific performance of a verbal contract of sale, subrogation, or the establishment of a lien in the nature of a resulting trust. Decree for complainant, and respondents appeal. Affirmed.

The original and amended bill both alleged that B. S. Rice purchased from Charles C. Rice by verbal contract the lands described, took possession thereof, and paid part of the purchase price, agreeing to pay the balance, and when paid, that Charles C. Rice agreed to convey the land by proper deed; also averring that a large part of the purchase price had been paid, and offering to do equity by paying any balance found to be due. The answer admits the sale of the land to B. S. Rice, his taking possession, and having lived on the land for four or five years, but denies payment of all the purchase price. It also appears without dispute that C. C. Rice sold the land to J. B. Farmer upon consideration that he pay the balance of the purchase price.

CHARLES B. KENNAMER and STREET & BRADFORD for appellants. D. ISBELL for appellee.

THOMAS, J.—From a decree of the chancery court declaring complainant's right to specific performance, the appeal is taken.

[Rice, et al. v. Rice.]

(1) The respondents answered the bill, without testing the sufficiency of its averments by demurrer before answer, or at the time of answer, and as a part thereof, as they could have done under the statute.—Code, § 3128; Chancery Rule 72 (Code, p. 1550). Without having so demurred, the respondents cannot, for the first time on appeal, complain that the bill was not specific in its averments of tender, etc.—3 Mayf. Dig. p. 325, § 2820; *Mountain v. Whitman,* 103 Ala. 630, 16 South. 15.

(2) The respondent, Charles C. Rice, having sold the land in question to a third person and put himself in a position where he could not convey on payment or tender of the balance of the purchase money, the complainant was thus relieved of all duty to make such tender, if the duty was incumbent upon him.—*Taylor v. Newton,* 152 Ala. 459, 465, 44 South. 583; *Ashurst v. Peck,* 101 Ala. 499, 14 South. 541; *Jenkins v. Harrison,* 66 Ala. 345; *Luchetti v. Frost,* 65 Pac. 969; *Zempel v. Hughes,* 235 Ill. 424, 85 N. E. 641; *Auxier v. Taylor,* 102 Iowa 673, 72 N. W. 291; *Smith v. Gibson,* 15 Minn. 89 (Gil. 66); *Kellogg v. Lavender,* 9 Neb. 418, 2 N. W. 748; *Roche v. Osborne* (N. J. Ch.) 69 Atl. 176; *Gaum v. DuBois,* 43 Pa. 260.

The complainant has averred his readiness, and made offer, to do equity as may be required of him by the court, and to pay any balance that may be found due on the purchase price.—*Taylor v. Newton, supra; Ashurst v. Peck, supra; Campbell v. Lombardo,* 153 Ala. 489, 44 South. 862; *Zirkle v. Ball,* 171 Ala. 568, 54 South. 1000.

The evidence has been carefully considered, and a discussion of same is deemed unnecessary. Without indulging presumptions in favor of the correctness of the decree, we have reached the conclusion that the chancellor decreed the proper relief. It results that the decree is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.