(80 South. 833)

MILLER et al. v. SMITH. (4 Div. 757.)

(Supreme Court of Alabama. Jan. 16, 1919.)

1. FRAUDS, STATUTE OF ⬥72(3)—LOGS AND LOGGING ⬥4—PAROL SALE OF TIMBER COUPLED WITH LICENSE.

A parol sale of standing timber, coupled with a license to enter, cut, and remove it, is void under the statute of frauds, Code, § 2489, and unenforceable in so far as it remains unexecuted; contract operating only as license revocable at grantor's pleasure, though valuable consideration has. been paid.

2. LOGS AND LOGGING ⬥4—REVOCATION OF LICENSE — SUBSEQUENT CONVEYANCE OF LAND.

Subsequent conveyance of land to another operates ipso facto as revocation of grantor's license to enter, cut, and remove standing timber.

3. FRAUDS, STATUTE OF ⬥129(8)—LOGS AND LOGGING ⬥3(7)—SALE OF STANDING TIMBER—EQUITABLE TITLE OF BUYER.

Where vendor of standing timber by parol received part of purchase money, and at same time delivered possession of timber in only way possible, by putting buyer in possession of land while cutting and removing, sale was valid under statute of frauds, and passed to buyer equitable title recognized by equity.

4. LOGS AND LOGGING ⬥3(12)—SALE OF STANDING TIMBER—PURCHASER OF LAND IN GOOD FAITH.

. Purchasers for value of land without notice of prior parol sale of standing timber to another would be protected against such other's claim.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Bill by Julia Miller and another against John R. Smith to quiet title to the timber on certain lands, and for a temporary injunction against its cutting and removal. From

decree dismissing the bill, complainants appeal. Affirmed.

The title to the land was in one S. T. Miller, who conveyed it by warranty deed to his wife and son, complainants here, on August 29, 1916, without reservation or exception of the timber growing thereon. Respondent claims title to the timber by virtue of his parol purchase thereof from S. T. Miller in July, 1915, the purchase being $90, and that at the time he made the contract he paid $5 on the purchase price and took possession of the land and timber and cut cross-ties during that month from 100 to 140. He then discontinued cutting until July and August, 1916, when he cut about 800 more, paying in July $52.40 and August $42.50. On the final submission the trial court denied relief, dissolved the injunction, and dismissed the bill.

J. A. Carnley, of Elba, for appellants.

J. D. Bailey, of Florala, and Jones, Thomas & Field, of Montgomery, for appellee.

SOMERVILLE, J. [1, 2] It is a settled principle of law in this state that a parol sale of standing timber, coupled with a license to enter and cut and remove it, is void under the statute of frauds (Code, § 4289), and is unenforceable in so far as it remains unexecuted. Cobbey-Hinkley Co. v. Jordan, 146 Ala. 634, 41 South. 962; Davis v. Miller-Brent Lumber Co., 151 Ala. 580, 44 South. 639. Such a contract operates only as a license, which is revocable at the pleasure of the grantor, even though a valuable consideration has been paid to him therefor. Hicks Bros. v. Swift Creek Mill Co., 133 Ala. 411, 31 South. 947, 57 L. R. A. 720, 91 Am. St. Rep. 38. And in that case it was held that the grantor's subsequent conveyance of the land to another operates ipso facto as a revocation.

The application of these principles to the instant case must have resulted in a decree for complainants, unless the evidence showed facts which removed the transaction in question from the influence of the statute of frauds.

The learned trial judge in fact found that the timber sale was so removed by virtue of respondent's payment of the purchase money, and the delivery of the property to him; and, on that theory of the case, he denied relief and dismissed the bill.

[3] While the testimony of respondent is in some respects self-contradictory, yet it supports the conclusion that his vendor received a part of the purchase money for the timber sold, and at the same time delivered possession of the timber in the only way it could be delivered, viz. by putting the vendee in possession of the land while engaged in cutting and removing the timber. Christopher v. Curtis-Attalla Lumber Co., 175 Ala. 484, 57 South. 837. See, also, the case of Heflin v. Bingham, 56 Ala. 566, 28 Am. Rep. 776.

We think the trial court correctly held that the sale of this timber was valid under the statute of frauds, and passed to the purchaser, the respondent here, an equitable title which must be recognized by a court of equity.

[4] Had complainants been purchasers for value, without notice of this sale, they would of course be protected against respondent's claim. But that question is not presented.

It is, however, the contention of complainants that the testimony shows that respondent bought the timber in September, after the execution by his vendor of the deed to complainants. There is testimony to that effect, but, nevertheless, taking the evidence as a whole, that conclusion is not warranted.

Let the decree of the circuit court be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.