(92 South. 208)

## BARCLIFT v. PEINHARDT. (6 Div. 880.)

(Court of Appeals of Alabama. Nov. 15, 1921. Rehearing Denied Dec. 20, 1921.)

1. **Frauds, statute of** ⟨⟩106(2)—**Receipt given purchaser for first payment held not to comply with the statute.**

Receipt, stating that vendor received specified amount from named purchaser "as payment on the bungalow, and will turn deeds over as soon·as chancery court will permit, and upon receipt of $2,500 or mortgage against property. Due the 15th of November. [Signed] A. H. P."—*held* not to comply with Code 1907, § 4289, subd. 5, requiring contract for sale of land, or note or memorandum thereof, to be in writing and to be subscribed by the party to be charged therewith.

2. **Frauds, statute of** ⟨⟩129(4)—**Purchaser not placed in "possession," within the statute, where vendor owned merely an undivided interest.**

Delivery of possession by vendor, who owned merely an undivided interest, *held* not the placing of purchaser in possession of the property, within Code 1907, § 4289, subd. 5, requiring land contract, or note or memorandum thereof, to be in writing, unless purchase money or portion thereof is paid and the purchaser is put in possession, so as to take vendor's contract to sell the entire fee out of the influence of statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Possession.]

3. **Frauds, statute of** ⟨⟩129(4)—**"Possession" by purchaser, to take contract out of statute, must be exclusive, and embrace the entire estate contracted to be conveyed.**

Possession by purchaser to take contract for sale of land out of Code 1907, § 4289, subd. 5, requiring such a contract, or note or memorandum, to be in writing, must not only be notorious possession, but must be exclusive, and embrace the entire estate contracted to be conveyed.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Action by Mrs. M. C. Barclift against A. H. Peinhardt to recover money paid on the sale of some property. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

F. E. St. John, of Cullman, for appellant.

The money paid is held as money had and received for the use of the owner, and a previous demand is not necessary. 96 Ala. 515; 11 South. 695, 38 Am. St. Rep. 116. The lease was not competent evidence because not properly witnessed. 141 Ala. 499, 38 South. 641; 139 Ala. 226, 35 South. 706, 101 Am.·St. Rep. 29; section 3355, Code 1907. The contract was void under the statute of frauds for several reasons. 171 Ala. 413, 55 South. 102; 57 Ala. 253; 96 Ala. 528, 11 South. 695, 38 Am. St. Rep. 116; 122 N. Y. 491, 25 N. E. 1044, 11 L. R. A. 97, 19 Am. St. Rep. 514; 64 Ala. 193; 195 Ala. 601, 71 South. 177. Mrs. Barclift was never in possession of the property. 144 Ala. 524, 41 South. 612; 180 Ala. 425, 61 South. 96.

A. A. Griffith and Earney Bland, both of Cullman, for appellee.

The plaintiff ‚was in possession, and had paid part of the purchase money, and therefore the contract was not void. 157 Ala. 218, 47 South. 142, 131 Am. St. Rep. 52; 174 Ala. 430, 56 South. 968; 163 Ala. 620, 50 South. 884. The finding was by the court, and his finding will be given the same force as that of the jury. 70 Ala. 443; 196 Ala. 374, 72 South. 45; 10 Ala. App. 432, 65 South. 314.

SAMFORD, J. Accepting the conclusions of the trial judge as to the facts, as necessarily evidenced by the judgment rendered, the facts necessary to a decision of this case are as follows:

The defendant owned an undivided interest in and to a certain house and lot in Cullman, Ala.; the other interest being owned by defendant's three minor children. On December 16, 1919, defendant agreed to sell this house and lot to plaintiff, and plaintiff agreed to purchase, at and for the sum of $3,500. One thousand dollars was paid in cash, the remainder to be paid or secured upon the perfection and delivery of the deeds, which were dependent upon the action of the chancery court, in a proceeding to be instituted for a sale of the land for·division between the owner, which the parties estimated would be about 60 days, and which, not being of the essence of the contract, meant within a reasonable time. In March, 1920, and before the court had acted on the petition for sale for division, defendant rented the premises to one Nash, the rental contract being made and signed by plaintiff, and after which Nash paid his rent by check made payable to plaintiff, and by her indorsed and

turned over to defendant, who gave her credit for same as against the purchase money. The decree of the court authorizing sale was finally entered, sale made, and deeds tendered in November, 1920, at which time they were declined by plaintiff; she repudiating the agreement and demanding the return of the money already paid.

The one question involved in this appeal is whether, under the foregoing facts, the contract of sale was void, as being in violation of the statutes of frauds. Section 4289 of the Code of 1907 provides:

"In the following cases, every agreement is void, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith," etc.

"(5) Every contract for the sale of lands, tenements, or hereditaments or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof, be paid, and the purchaser be put in possession of the land by the seller."

The only note or memorandum made of the transaction in this case, is a receipt given by the defendant in the following words and figures, to wit:

"Cullman, Ala., 12/16/19.

"Received of Mrs. M. C. Barclift $1,000, one thousand dollars, as payment on the bungalow, and will turn deeds over as soon as chancery court will permit, and upon receipt of $2,500 or mortgage against property. Due the 15th of November. [Signed] A. H. P."

[1] It is conceded, and rightly so, that the foregoing does not meet the requirements of the statute, and if this were all there was in the case the plaintiff would be entitled to recover. Nelson v. Shelby M. & I. Co., 96 Ala. 515, 11 South. 695, 38 Am. St. Rep. 116. But the evidence is that $1,000 of the purchase money, was paid in cash, and the trial court found that, the purchaser was put into possession. If this is true, then the transaction is taken from under the influence of the statute, and the plaintiff could not recover, unless the defendant had failed to complete the sale, or offered to do so, within a reasonable time, being at the time able to convey title. On this last proposition the trial court properly held, that time was not of the essence of the contract and that, under the facts, a tender of the deed on November 4, 1920, was within a reasonable time.

[2] The only question then left for us to determine under the facts is: Was the plaintiff put in possession of the property, within the meaning of subdivision 5 of section 4289 of the Code of 1907? This seems to be a question of first impression in this jurisdiction, and, indeed, the exact question has not been passed upon in any of the opinions coming to our attention. In the case of Flinn v. Barber, 64 Ala. 193, Brickell, C. J., speaking for the court, said:

"In the absence of stipulations that a vendor sells only a partial interest, or such title or estate as he may have in particular lands, the presumption is that the inducement to a vendee to buy is that he may acquire a good and indefeasible title. The right to such title does not spring from the express agreement of the parties; it is given by law; unless the agreement repels its existence."

See Cullum v. Branch Bank & Co., 4 Ala. 21, 37 Am. Dec. 725.

In the case at bar, the agreement was for a sale of the entire and indefeasible fee, while it is also admitted that the defendant only owned an undivided interest in the property, the other interest being owned by his three minor children. The only possession, therefore, had by the defendant, was that of a tenant in common, and any act on his part could not in any legal way be binding on his other cotenants. The possession, therefore, delivered by the defendant to the plaintiff, was only such possession as he had, and did not place the plaintiff in the notorious and exclusive possession of the property. There was no time at which the plaintiff could have maintained an equitable action for the enforcement of the contract of purchase, so that upon compliance on her part she could have enjoyed the full fruit of the purchase, and, however anxious the defendant might have been to have performed on his part, he could not have done so.

[3] The possession which the law requires to afford evidence along with proof of payment of a part of the purchase money, taking the place of, and performing the office of a written memorial of the transaction, must not only be notorious, but exclusive, embracing the entire estate contracted to be conveyed. This rule is laid down in Browne on the Statute of Frauds, §§ 472 and 474, and recognized in Trammell v. Craddock, 93 Ala. 450, 9 South. 587, as well as in decisions of courts of last resort noted in Browne on the Statute of Frauds, supra.

It is of no moment that the defendant after agreeing to sell the property filed a bill in chancery seeking a sale of the land for division between him and his children. What he did in the sale of the property and in the filing of the bill in no sense bound his children, nor had the effect of transferring the children's possession to the plaintiff. The judgments and decrees of courts cannot be made the subjects of speculation, even by a parent acting in the utmost good faith.

The agreement being void, the plaintiff was entitled to recover the part of the purchase money paid under it, and, failing to render such judgment, the trial court was in error. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

### On Rehearing.

Upon a consideration of this cause on application for rehearing, in connection with

the present earnest insistence of appellee that this court committed error in holding "that the written memorandum of sale did not comply with the statute of frauds, so far as being enforceable against appellee," it is interesting to note that at one time appellee's counsel agreed with the court, as in the original brief filed in this cause we find the following:

"We concede that the receipt in evidence as shown by Record, page 3, is not sufficient, and, were it not from the other facts, that 'a portion of the purchase money was paid and the purchaser be put in possession of the land by the seller,' our case would fall, and the trial court would be held to have committed reversible error."

In response to this, the court in its opinion said (after noting the concession):

"The only question then left for us to determine under the facts is: Was the plaintiff put in possession of the property, within the meaning of subdivision 5, section 4289, of the Code of 1907?"

It would not now be a very difficult matter to point out several defects in the receipt, each of which would render it, to our mind, insufficient to meet the requirements of the statute of frauds. But, having been conceded in appellee's original brief, it will now be unnecessary. Jebeles-Colias Conf. Co. v. Booze, 181 Ala. 456–462, 62 South. 12.

If, then, the purchaser was not put in possession, in such sort as to take the transaction from out the influence of the statute of frauds, the sale was not voidable, but void. In Prestwood v. Carlton, 162 Ala. at page 343, 50 South. at page 260, Mr. Justice Mayfield, speaking of Flinn v. Barber, 64 Ala. 193, said:

"Such contracts were absolutely void, and that contracts which were void by express statutory declaration must be mere nullities, must be without legal effect, incapable of conferring any right, or of imposing any duty."

The foregoing is now the law as we understand it. Prestwood v. Carlton, 162 Ala. 327, 50 South. 254; Scott v. Bush, 26 Mich. 418, 12 Am. Rep. 311; Nelson v. Shelby Mfg. Co., 96 Ala. 515, 11 South. 695, 38 Am. St. Rep. 116.

It being held that there was no sufficient writing, there must have been part payment of the purchase price, which is conceded and a delivery of possession. As will be seen from the original opinion, this possession must be "exclusive, embracing the entire estate contracted to be conveyed." Was it such? The defendant was a cotenant with his three minor children, and therefore he only had possession jointly with them, and a delivery of his possession was not exclusive of the rights of his minor children. He had no power to bind them in the premises,

and the continued possession by plaintiff was for the joint benefit of the minors. If the possession given is required to be adverse and exclusive as to the entire estate contracted, and such seems to be the law, we do not see that this court has committed error in its original judgment, and the application is overruled.