138 So. 542

## SMITH et al. v. THOMAS.
### 5 Div. 93.

Supreme Court of Alabama.
Dec. 17, 1931.

J. Sanford Mullins and Richard H. Cocke, both of Alexander City, for appellee.

Henry A. Teel, of Rockford, and L. H. Ellis, of Columbiana, for appellants.

ANDERSON, C. J.

The sale of the timber in question is regarded as involving real estate and, in order to be valid and binding, under the Statute of Frauds, had to be in writing. Section 8034 of the Code of 1923; Miller v. Smith, 202 Ala. 449, 80 So. 833; Colbey-Hinkley Co. v. Jordan, 146 Ala. 634, 41 So. 962. Indeed, this proposition is not controverted by appellee, but it is insisted that the transaction here falls within the exception as a part of the purchase money was paid and the defendant was put into the possession of the land.

There is a sharp conflict in the evidence as to whether the purchase of the Smith estate timber was one entire purchase or in separate lots; but from the view we take of this case this is of no great importance, for, conceding that the purchase was of the entire tract at one time, we think that the defendant has failed to establish a valid contract of sale or that the facts shown remove the sale from the influence of the statute of frauds. In the first place, it may be questionable as to whether the oral contract was complete, as no time was fixed for the payment of the purchase money, other than the cash payment, or within which the timber should be removed; but, be this as it may, in order to remove the sale from the inhibition of the Statute of Frauds, the payment of the purchase money must be made to the owners or one legally authorized to sell the property and the possession delivered must be the property sold, not a mere undivided interest in same. Barclift v. Peinhardt, 18 Ala. App. 340, 92 So. 208. The evidence at best shows

that part of the purchase money was paid to J. A. Smith and possession was delivered by him to defendant or a portion of the tract or tracts, but the evidence shows that said Smith owned only an undivided interest with several others, including minor children, and could make no binding contract or delivery of possession except of his undivided interest. That is, the defendant failed to prove such authority of J. A. Smith as could bind the others. True, the evidence shows that he was the administrator of his father's estate, but there is nothing to show that he had authority to sell the timber under an order of the court, which was essential as to the minors.

Had the sale been by J. A. Smith of only his undivided interest, we would probably have a different case, but it is claimed that the attempted sale related to the entire interest in the timber, yet we find no authoritative possession except perhaps as to the interest of J. A. Smith and which is insufficient to remove the transaction in its entirety from the statute of frauds.

The trial court erred in refusing the affirmative charge requested by the plaintiffs, and the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.