60 So.2d 442

**SHUBERT v. LACY.**

**7 Div. 163.**

Supreme Court of Alabama.

Aug. 27, 1952.

Max J. Howard, Fort Payne, for appellant.

Scott & Dawson and Chas. J. Scott, Fort Payne, and Joe M. Dawson, Scottsboro, for appellee.

LAWSON, Justice.

On November 13, 1950, J. C. Rogers and wife executed a timber deed conveying to L. C. Lacy certain timber growing on a tract of land in DeKalb County, which timber was to be removed prior to 1952. This transaction seems to have been with the knowledge and consent of one Vaughn, who held a mortgage on the land. Vaughn received most of the purchase price. Lacy did not have this timber deed recorded until February 2, 1951.

Between the date on which the timber deed was executed and that on which it was recorded and on, to wit, December 20, 1950, the tract of land on which the timber was growing was up for sale at an auction conducted by professional auctioneers, as agents for Rogers and Vaughn. At this sale Mrs. Edna B. Shubert made the last and highest bid and she was declared the purchaser. Thereafter, on December 22, 1950, the debt secured by the mortgage was paid and on the same day Rogers and wife executed a warranty deed to Mrs. Shubert purporting to convey an absolute legal title to the tract of land. No reference to the timber deed is contained in the deed.

Under such circumstances a controversy arose between Mrs. Shubert and Mr. Lacy as to the latter's right to remove timber from the land.

Mrs. Shubert filed this bill in the circuit court of DeKalb County, in equity, on September 18, 1951, against Lacy, averring in substance that she had no actual or constructive notice of the fact that Rogers had executed the timber deed to Lacy; that before bidding on the land at the auction sale "she inquired of the auctioneer whether the timber on said land had been sold or would go with the land and was informed by the auctioneer that it went with the land;" that she was an innocent purchaser for value and that Lacy was about to begin removing the timber. The bill prayed that a temporary injunction enjoining Lacy from removing the timber be issued pending a hearing and that on final hearing a decree be entered permanently enjoining Lacy from removing timber on lands of complainant. Temporary injunction was issued. Lacy filed a motion to dissolve the temporary injunction but no action was taken on that motion prior to final hearing. Lacy answered the bill and denied that Mrs. Shubert was an innocent purchaser for value in that at the time she bid in the land at the auction sale she had actual notice of his interest in the land. The answer was made a cross bill. It was averred therein that under Lacy's timber deed he was to remove the timber before 1952. The cross bill prayed: "* * * That upon a final hearing of this cause and the dismissal of said injunction that the court extend the time for removing said timber for such length of time as the suit has prevented the cutting of the timber and he prays that the cost of this proceeding be taxed wholly to the complainant."

Submission being had upon testimony taken orally before a commissioner, the trial court, on November 12, 1951, rendered a decree dissolving the temporary injunction and denying complainant's prayer for a permanent injunction. Relief was granted Lacy under his cross bill to the extent that he was given until July 1, 1952, to remove the timber conveyed to him under his timber·

deed of November 13, 1950. Costs were taxed against the complainant, Mrs. Shubert, except that Lacy was taxed with "the mileage and attendance of his own witnesses."

Upon complainant making it known to the trial court that she was taking an appeal to this court, the temporary injunction was reinstated pending the appeal.

The cause was submitted in this court on May 27, 1952. Appellant here, complainant below, assigns as error the action of the trial court in dissolving the temporary injunction and denying to her a permanent injunction as prayed. Appellee, respondent below, by cross-assignments of error, challenges the correctness of the decree in so far as it taxes costs against him.

■ The law is clear that where one claims title to land through an instrument that is unrecorded, as does Lacy, his claim will fall against one who has purchased the legal title to land in good faith, for a valuble consideration, without notice, actual or constructive, of such claim. Chandler v. Tardy, 58 Ala. 150; Holly v. Dinkins, 202 Ala. 477, 80 So. 861; Gordon v. Ward, 221 Ala. 173, 128 So. 217.

■■ Mrs. Shubert having proved the execution of the deed to her purporting to convey an absolute fee simple title to the tract of land and the payment of a valuable consideration therefor, there was a presumption that the purchase was in good faith and the burden was upon Lacy of proceeding by evidence to show that Mrs. Shubert took with notice of his interest in the property. Lightsey v. Stone et ux., 255 Ala. 541, 52 So.2d 376, and cases cited. Such notice, according to our cases, could be "actual or constructive, or knowledge of facts sufficient to put a reasonable person on notice, which, if followed up, would have discovered the title" asserted by Lacy. Reeder v. Cox, 218 Ala. 182, 118 So. 338; Stone v. Lacy, 245 Ala. 521, 17 So.2d 865. See, Hatter v. Quina, 216 Ala. 225, 113 So. 47; Ely v. Pace, 139 Ala. 293, 35 So. 877; Alexander v. Fountain, 195 Ala. 3, 70 So. 669.

Lacy sought to meet the burden which was upon him by showing that at the auc-

tion sale Mrs. Shubert became aware of the fact that Rogers had previously executed the timber deed to him or that at that time she had knowledge of facts sufficient to put her on notice which, if she had followed up, would have disclosed his interest in the land. The evidence was in sharp conflict on this point, but the trial court found in effect that notice was given at the sale that the timber in dispute had previously been sold and "that the complainant, at the time she purchased the real estate, must have known and did know that the timber now in dispute had been sold at the time she purchased the real estate."

■ The appeal of Mrs. Shubert presents the sole question of the correctness of this finding of fact by the trial court. The testimony not having been taken orally in open court, no presumptions are indulged as to the findings of fact on which the decree is based.

■■ We see no necessity of setting out the evidence. It has been considered with extreme care in consultation. This court is of the opinion that the trial court's finding of fact on this question of notice is correct. It follows that the decree of the trial court denying the permanent injunction as prayed for by complainant must be affirmed. Acree v. Rozzell, 108 S.W. 846, 32 Ky.Law Rep. 1342; Broderick v. McRae Box Co., 138 Ark. 215, 210 S.W. 935; Young v. Cowan, 134 Ark. 539, 204 S.W. 304.

■ As to the cross-assignments of error questioning the decree in so far as it taxes part of the costs against appellee, we think there was no error. In equity the matter of taxation of costs rests largely in the discretion of the trial court. Equity Rule 112, Code 1940, Title 7, Appendix, p. 1122. On the whole case as presented to us on the record, we find no abuse of discretion in the manner of taxing the costs. Thompson v. Bryant, 251 Ala. 566, 38 So.2d 590; Delony v. O'Reilly, 235 Ala. 386, 179 So. 207.

■ The trial court found that the respondent had been prevented from removing the timber within the time fixed by his timber deed by the interference of complainant and, therefore, extended the time

for removal until July 1, 1952. That date has now passed and the respondent has been prevented from removing the timber within the time fixed by the trial court by the reinstatement of the temporary injunction. The respondent should have a reasonable time within which to remove the timber and to that end the decree of the trial court will be modified so as to give respondent until February 1, 1953, to remove the timber conveyed to him under his deed of November 13, 1950. Stacey v. Stacey, 250 Ala. 187, 33 So.2d 898; Roberson v. Little, 200 Ala. 582, 76 So. 940.

As modified, the decree of the trial court is affirmed.

Affirmed.

FOSTER, SIMPSON and STAKELY, JJ., concur.